The STATE of Texas, Appellant,

v.

Albert WADDILL et al., Appellees.

No. 3335.

Court of Civil Appeals of Texas.

Waco.

Jan. 26, 1956.

Russell G. Poling, Austin, Howell E. Cobb, Dist. Atty., Hamilton County, Comanche, for appellant.

H. W. Allen, Hamilton, for appellees.

McDONALD, Chief Justice.

The State of Texas brought suit against the beneficiaries and the executors of the community estate of Ella Waddill and John S. Waddill, both deceased, seeking reimbursement from such estate, under the provisions of Article 3196a, Vernon's Ann. Civ.St., for the support, maintenance and treatment furnished Johnnie Waddill, son of Ella and John S. Waddill, by the State Hospital System.

The State alleged that Johnnie Waddill had been adjudged a person of unsound mind and was admitted to the State institution on 3 July 1937, where he had been a patient to 21 May 1954, which was the date of the death of the patient's mother, Ella Waddill. The State further alleged that prior to the death of Ella Waddill the patient, Johnnie Waddill, was a single man possessed of no estate of his own and therefore a dependent of his parents. The State prayed for judgment for $2,811.50 reimbursement for such period of time.

Defendants executors and beneficiaries of the estate of John S. and Ella Waddill answered denying that the parents were able within the meaning of Article 3196a, Vernon's Ann.Civ.St., to pay prior to November 28, 1951; and that subsequent to 28 November 1951 there was no liability against the estate of John S. and Ella Waddill for the reason that the estate of the patient Johnnie Waddill was sufficient to pay his own maintenance.

Thereafter the defendants, on behalf of the estate of John S. and Ella Waddill, made a motion for a summary judgment on the issue of the liability of the estate, under Rule 166–A, Texas Rules of Civil Procedure. Such motion for summary judgment set out that John S. Waddill, the patient's father, died on 28 November 1951, and that at his death the ward became vested with a defeasible fee simple title to ½ of his real estate and was possessed of sufficient estate of his own to be maintained at his own expense from such date on; that at this time he is possessed of $3,945.84 cash on hand to the credit of his estate, which

is subject to any lawful debts against said estate. Attached to the motion for summary judgment is an affidavit by the Guardian of Johnny Waddill that said ward is possessed of $3,945.84 in cash, and that no claim had ever been filed by plaintiff against such ward's estate.

The State of Texas filed a reply to defendants' motion for summary judgment, and also moved for summary judgment in its own behalf. Attached to the State's reply and motion, among other exhibits, was an affidavit by H. E. Wassell, an investigator for the State Hospitals, which stated that he investigated whether or not Johnnie Waddill had an estate and satisfied himself as to the nonexistence of such by examining the joint will of John S. and Ella Waddill. A certified copy of the will was attached, together with copy of order admitting it to probate, and a copy of the inventory and appraisement of the community property of John S. Waddill, deceased.

The will is a joint will of John S. and Ella Waddill and provides, among other things:

"It is our will and desire and the will and desire of each of us that the survivor of us have the sole management and control and all the revenues of the estate of the one first dying, and therefore I, John S. Waddill, do hereby give, demise and bequeath unto my wife, should she survive me, all the property of every character and description that I may own at my death, *the real estate thereof to be controlled and managed by her and all the rents and revenues thereof to be used and spent by her as she may see fit;* and all the personal property shall be hers absolutely, without any restriction whatever.

"And I, Mrs. Ella Waddill, do hereby give, demise and bequeath unto my husband, John S. Waddill, should he survive me, all the property of every character and description that I may own at my death, *the real estate thereof to be controlled and managed by him and all the rents and revenues thereof,*

*to be used and spent by him as he may see fit;* and all the personal property shall belong to him absolutely, without any restriction whatever.

\* \* \* \* \* \*

"The remainder of our estate \* \* shall be divided into seven equal parts and the following named children shall receive one-seventh of our estate: \* \* \* Johnnie Waddill \* \* \* share and share alike in fee simple forever."

The inventory and appraisement filed on the death of John S. Waddill shows real estate of the value of $16,150.

On the foregoing state of the record the Trial Court found that there was a genuine issue of fact as to whether the estate of John S. and/or Ella Waddill was able to pay for the support, maintenance and treatment furnished Johnnie Waddill by the State of Texas from 3 July 1937 to 28 November 1951 (there is no appeal from this portion of the judgment); and that there is no genuine issue as to any material fact concerning liability of the estate of John S. and/or Ella Waddill on and after 28 November 1951, in that Johnnie Waddill possessed sufficient estate out of which the State could be reimbursed; and that the defendants' motion for summary judgment should be granted for that period of time. The Trial Court thereupon entered partial summary judgment on the motion and decreed that the State take nothing as to the estate of John S. and Ella Waddill for items accruing after 28 November 1951.

The State of Texas appeals to this court from the Trial Court's granting of defendants' motion for summary judgment in part, and contends that the Trial Court erred in granting such summary judgment in part, and in finding that Johnnie Waddill possessed sufficient estate after 28 November 1951 was in substantial controversy.

Article 3196a, Vernon's Ann.Civ.St., provides:

"Section 1. Patients admitted to State Hospitals \* \* \* shall be of two classes, to wit:

"Indigent patients;

"Non-indigent patients;

"Indigent patients are those who possess no property of any kind nor have anyone legally responsible for their support, and who are unable to reimburse the State. This class shall be supported at the expense of the State.

"Non-indigent patients are those who possess some property out of which the State may be reimbursed * * *. This class shall be kept and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients.

"Sec. 2. Where the patient has no sufficient estate of his own, he shall be maintained at the expense:

"Of the husband or wife of such person, if able to do so;

"Of the father or mother of such person, if able to do so."

■ A parent's liability under the foregoing statute (and hence the liability of the parent's estate) is not absolute but conditional. The parent's ability to pay, *concurring with the fact that the patient has not a sufficient estate of his own, is a condition precedent to liability.* State v. Stone, Tex.Civ.App., 271 S.W.2d 741.

It therefore remains only to determine whether there is a genuine issue of fact presented that the estate of Johnnie Waddill possessed sufficient estate out of which the State might be reimbursed for his upkeep, on and after 28 November 1951, and until 21 May 1954. According to the itemization of amounts due the State (at $60 per month less furlough credits) attached to its petition, the *very most* that could be due the State for the period 28 November 1951 to 21 May 1954 is $1,528.

If $1,528 be due the State as of 21 May 1954, it accrued, according to the State's petition, during this period at the rate of $60 per month—hence as of 28 December, 1951 there was $60 due and $60 additional each month (less furlough credits).

This brings us to a consideration of what, if anything, Johnnie Waddill received under the will of his father, John S. Waddill. The will provides:

"It is our will and desire and the will and desire of each of us that the survivor of us have the sole management and control and all the revenues of the estate of the one first dying, and therefore:

"I, John S. Waddill, do hereby give, demise and bequeath unto my wife, should she survive me, all the property of every character and description that I may own at my death, *the real estate thereof to be controlled and managed by her and all the rents and revenues thereof to be used and spent by her as she may see fit; and all the personal property shall be hers absolutely, without any restriction whatever.*

\* \* \* \* \* \*

"The remainder of our estate * * shall be divided into seven equal parts and the following named children shall receive one-seventh of our estate: * * * Johnnie Waddill * * * share and share alike in fee simple forever."

■ The question presented is whether the remainder created by the will in favor of Johnnie Waddill is a vested or contingent estate. The inventory and appraisement is undisputed and shows a real estate value of $16,150, one-seventh of which is $2,707. If such estate vested in Johnnie Waddill on 21 November 1951, the estate of Johnnie Waddill is certainly sufficient and the State of Texas cannot proceed against his parents' estate for amounts accruing subsequent to such date.

■ We believe that the explicit terms of the will of John S. Waddill had the effect of leaving the real estate to Ella Waddill for life with a vested remainder to

the seven children, including Johnnie Waddill. Moreover, the law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it can reasonably be taken as vested. See Caples v. Ward, 107 Tex. 341, 179 S.W. 856; 36 Tex.Jur. 882.

From the foregoing it follows that the judgment of the Trial Court is affirmed.