Myrtle Odessa BANKS, Appellant,

v.

Clifton HEREFORD, Appellee.

No. 20245.

Court of Civil Appeals of Texas, Dallas.

May 20, 1980.

William Chris Wolffarth, J. Kevan Dilbeck, Erhard, Cox, Ruebel & Rector, Dallas, for appellant.

Cynthia Hollingsworth, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Myrtle Odessa Banks, appellant, appeals from an order of the probate court removing her as administratrix of the estate of Alice Oliver Hereford, deceased. Mrs. Banks asserts that the probate court erred in determining that no administration of the estate was necessary since the evidence conclusively showed that (1) the decedent was survived by a child who had been adopted by estoppel and (2) the intestate decedent held real property, other than the community property of her last marriage. We modify the judgment of the trial court to remove unnecessary findings and affirm because necessity of administration is not shown even if either, or both, facts relied upon are true.

Alice Oliver Hereford died intestate on October 26, 1977, in Kaufman County, Texas. Her spouse, Clifton Hereford, filed an affidavit of heirship in the deed records showing himself as sole heir. Subsequently, Mrs. Banks, mother of the deceased, filed an application in the county court of Kaufman County requesting that she be granted letters of administration in the estate of Alice Oliver Hereford, alleging that there was a necessity for administration to enable the estate to pay funeral expenses, medical expenses and other outstanding debts. On December 27, 1977, Mrs. Banks was appointed administratrix of the estate. On April 18, 1978, Mrs. Banks filed a "Motion to Deliver Assets of Estate to Administratrix." On July 13, 1978, Mr. Hereford filed his "Motion to Show Cause for Necessity of Administration" alleging there was no necessity for administration of the estate and that Mrs. Banks had falsely represented to the court that there was a necessity in order to secure her appointment. Mr. Hereford also requested that the court remove Mrs. Banks as administratrix. Both motions were heard together in August 1978.

At this hearing, Mrs. Banks did not seek to sustain the administration of the estate on the existence of *debt* but relied upon (1) the existence of a child of the deceased through adoption by estoppel and (2) the existence of separate property belonging to the deceased. On August 8, 1979, the court entered an order removing Mrs. Banks as administratrix of the estate and cancelling the letters of administration that had previously been issued. The trial court found, in its order, that there was no necessity for administration of the deceased's estate. The trial court also found that Donald Oliver (also Jackson), the child allegedly adopted by estoppel, was not the adopted son of deceased and that all property in question was the community property of Mr. Hereford and the deceased.

The sole issue is whether a necessity for administration existed. Tex.Prob.Code Ann. § 178 (Vernon 1956) provides, in part, that:

No administration of any estate shall be granted unless there exists a necessity therefor, such necessity to be determined by the court hearing the application. Such necessity shall be deemed to exist if two or more debts exist against the estate, or if or when it is desired to have the county court partition the estate among the distributees, but mention of these two instances of necessity for administration shall not prevent the court from finding other instances of necessity upon proof before it.

Mrs. Banks does not rely on the existence of two or more debts, nor is it desired that the court should partition the estate among the distributees. To come within § 178, Mrs. Banks must rely on "other instances of necessity" to be found by the court based upon the evidence before it.

■ To meet this burden of showing "other instances," Mrs. Banks first relies on evidence that her daughter had a now adult child through adoption by estoppel. The asserted adult child was a witness but not a party in the case. If we ignore the question of the standing of a third party to establish adoption by estoppel, and if we accept Mrs. Banks' argument that the proof was so conclusive that the trial court was not justified in disregarding it, we could only conclude that the deceased was survived by two heirs instead of one. The mere existence of two adult heirs (surviving husband

and surviving adult child), however, does not constitute a necessity for administration under § 178 or any other authority cited to us.

 Mrs. Banks also attempts to meet the burden of showing an "other instance of necessity" by relying upon proof that the decedent's estate included separate property in addition to community property acquired with her surviving husband. Tex. Prob.Code Ann. § 38 (Vernon 1956) provides for succession of property from an intestate decedent, with different provisions for community and separate property as well as differing provisions where the deceased is survived by a spouse or children or both. Under the proof urged by Mrs. Banks, the only possible heirs of separate property would be adults (surviving husband, surviving adult child or surviving parents of the decedent) and the mere existence of adult heirs does not constitute a necessity for administration under § 178 or any authority cited to us.

The issues of "adoption by estoppel" and "separate property" are collateral to the issue of necessity for administration, and we do not weigh or make findings on these points. For these reasons, we have determined that the judgment of the probate court shall be modified by striking therefrom the findings "that the property in question consists of community property and that DONALD JACKSON also known as DONALD OLIVER is not the adoptive son of ALICE HEREFORD, DECEASED" and, the judgment as modified, is affirmed.