In re ESTATE OF Harry G.
LEWIS, Deceased.

No. 9585.

Court of Appeals of Texas,
Texarkana.

April 19, 1988.
Rehearing Denied April 19, 1988.

Kenneth L. Ross, Longview, William T. McGee, McGee, Tanner, Coble & Whitton, Fort Worth, for Harriet L. Lesikar.

Jerry S. Harris, Roberts, Harbour, Smith & Harris, Longview, for Jenny Lou Rappeport.

Rex Nichols, Nichols, Bailey & Watson, Longview, for Fay Jeter Lewis—intervenor.

CORNELIUS, Chief Justice.

Harriet Lesikar, the daughter of Harry Lewis, Jr., and co-independent executrix of his will, brought this action under Tex. Prob.Code Ann. § 149B [1] to close the estate and distribute Lewis' property to the legatees and devisees. Mr. Lewis' other daughter and co-independent executrix, Jenny Lou Rappeport, resisted the action on grounds that the terms of her father's will prohibited distribution of the estate until she and her sister died, and that there was a continuing need for administration. Both parties eventually moved for summary judgment. The district court granted Mrs. Rappeport's motion, holding that "the Estate ... is not subject to distribution, ... other than of income ... until and except upon the death of the last survivor of JENNY LOU RAPPEPORT and HARRIET LEWIS LESIKAR," and that there is a continued need for administration. On appeal Mrs. Lesikar contends that the court erred in so holding, and in the alternative that there are genuine issues of fact which preclude summary judgment. We agree and reverse the judgment.

Mr. Lewis' will makes several specific bequests and devises, and then grants to Mrs. Lesikar and Mrs. Rappeport each an undivided one-half interest in the residuary estate "for her use and benefit during her natural life...." The will further provides that the daughters shall have, with respect to the properties devised to them, full power to use the property and consume the income therefrom, with sole power of management, but that each shall "preserve the corpus of the Estate so bequeathed to them for their lives ... and shall not invade such corpus...." The remainder is devised to the daughters' children, if any,

1. When judgment in this case was rendered, Tex.Prob.Code Ann. § 149B(a), (b), Act of June 15, 1985, ch. 882, § 1, 1985 Tex.Gen.Laws 3006, and § 149B(c) (Vernon 1980) provided:

(a) In addition to or in lieu of the right to an accounting provided by Section 149A of this code, at any time after the expiration of three years from the date that an independent administration was created and the order appointing an independent executor was entered, a person interested in the estate may petition the court for an accounting and distribution. The proceeding for an accounting and distribution may be brought in the county court if the county judge is licensed to practice law in the State of Texas or may be brought in a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county. The court may order an accounting to be made with the court by the independent executor at such time as the court deems proper. The accounting shall include the information that the court deems necessary to determine whether any part of the estate should be distributed.

(b) On receipt of the accounting and, after notice to the independent executor and a hearing, unless the court finds a continued necessity for administration of the estate, the court may order its distribution by the independent executor to the persons entitled to the property. If the court finds there is a continued necessity for administration of the estate, the court may order the distribution of any portion of the estate that the court finds should not be subject to further administration by the independent executor. If any portion of the estate that is ordered to be distributed is incapable of distribution without prior partition or sale, the court may order partition and distribution, or sale, in the manner provided for the partition and distribution of property incapable of division in estates administered under the direction of the county court.

(c) If all the property in the estate is ordered distributed by the executor and the estate is fully administered, the court also may order the independent executor to file a final account with the court and may enter an order closing the administration and terminating the power of the independent executor to act as executor.

or if none, to the surviving daughter.[2]

■ Unless a demand for distribution is premature, or the terms of the will prohibit it, or there is a need for continuing administration, the legatees and devisees are entitled to have an independent administration closed and their property distributed to them. *Oldham v. Keaton,* 597

2. The will, in relevant part, provides:

SEVENTH: I give, devise and bequeath an undivided one-half (½) interest in all the rest, residue and remainder of my Estate which I might own on the date of my death, whether such properties be real or personal, separate or community, and wheresoever located, to my daughter, Jenny Lou Lewis, *for her use and benefit during her natural life* and I further give, devise and bequeath an undivided one-half (½) interest in all of the rest, residue and remainder of my Estate which I might own on the date of my death, whether such properties be real or personal, separate or community, and wheresoever located to my daughter, Harriet Lynn Lewis Noble, *for her use and benefit during her natural life.*

Upon the death of Jenny Lou Lewis, the undivided one-half (½) interest devised and bequeathed to her shall be and become the property in fee simple of her children, if any there be, but if not, they shall be and become the property of my daughter, Harriet Lynn Lewis Noble.

Upon the death of Harriet Lynn Lewis Noble, the undivided one-half (½) interest, devised and bequeathed to her shall be and become the property in fee simple of her children, if any there be, but if not, such property shall be and become the property of my daughter, Jenny Lou Lewis.

*During the natural lives* of Jenny Lou Lewis and Harriet Lynn Lewis Noble, they each shall have the right, with respect to the properties *which I have devised and bequeathed to them for their lifetimes,* to collect, receive receipt for, use as much of such property as they desire, enjoy, possess and consume the income from such properties; and, during the existence of such *life Estates,* save and except as limited below, I give them complete powers of management, sale, exchange, conveyance, retention, reinvestment, power to execute Oil and Gas Leases which may extend beyond their lives with provisions for pooling and unitization and any other provisions that they might think wise or expedient, *but they shall preserve the corpus* of the Estate so bequeathed to them for their lives or received by them from any sale, exchange, lease or other termination for our grandchildren and shall not invade such corpus, so that upon the death of Jenny Lou Lewis and Harriet Lynn Lewis Noble, the corpus of such properties *bequeathed to them for their lifetimes* shall be subject to the ownership, in fee simple, of our grandchildren, if any, otherwise subject to the fee simple ownership of our surviving daughter or our surviving heirs at law.

EIGHTH: In the event that my wife, Fay Jeter Lewis, should predecease me in death or die so near thereto that the order of our deaths cannot be determined, then I give, devise and bequeath our home, located at 507 Melton Street in Longview, Gregg County, Texas, together with the household furnishings and equipment of every kind and description and the automobiles that we own on our death and my personal belongings to my daughters, Jenny Lou Lewis and Harriet Lynn Lewis Noble, *for their use and benefit during their natural life and under the same terms and conditions* that are set forth in the preceeding (sic) paragraph.

If either of my daughters named herein should predecease me in death, then *the life Estate* devised and bequeathed to her shall be and become the property of her children, in fee simple, but if such deceased daughter shall not have any children, then such property shall be and become the property of my surviving daughter for her use and benefit *during her natural life* and under the same terms and conditions as are set forth above in the preceeding (sic) paragraph.

....

TENTH: I hereby appoint my daughters or the survivor of them, Jenny Lou Lewis and Harriet Lynn Lewis Noble, as Independent Executrices of this my last will. In the event that both of such daughters should predecease me in death or for any reason fail or refuse to serve or shall resign after qualifying then I appoint the Republic National Bank of Dallas, Dallas County, Texas, as Independent Executor of this, my last will and testament. No bond shall be required of Jenny Lou Lewis, Harriet Lynn Lewis Noble or the Republic National Bank of Dallas, as such Independent Executrix or Independent Executor of this my last will.

My daughters, Jenny Lou Lewis and Harriet Lynn Lewis Noble, or the survivor of them, as Independent Executrices or the Republic National Bank of Dallas, either as Independent Executor or as Trustee, shall have all the powers above granted to my daughters, Jenny Lou Lewis and Harriet Lynn Lewis Noble, as life tenants and in addition thereto, shall in such capacity, have all the rights, powers and privileges conferred on Trustees by the Texas Trust Act and any amendment thereto enlarging upon the powers of Trustees and in the management of my Estate, save and except as limited in this will, they shall be governed thereby regardless of the capacity in which they might act.

(Emphasis added.)

S.W.2d 938 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.); Tex.Prob.Code Ann. § 149B (Vernon 1980 & Supp.1988), § 150 (Vernon 1980). In the absence of recognized exceptions, the independent representative has no right to withhold the legatees' and devisees' property from them, or to dissipate the estate by prolonged administration with its attendant fees and expenses. *Matter of Estate of Minnick,* 653 S.W.2d 503 (Tex.App.—Amarillo 1983, no writ); *Oldham v. Keaton,* supra; *Roberts v. Kenna,* 241 S.W.2d 680, 685 (Tex.Civ. App.—Beaumont 1951, no writ).

■ Mrs. Rappeport contends, and apparently the district court agreed, that the residuary clause of Mr. Lewis' will actually created a testamentary trust which requires that distribution be prohibited during the trust's existence. We cannot agree. We do not believe the intention expressed in the will's residuary devise was to create a trust, but rather two life estates. The will specifically designates the interests as "life estates," and in numerous places uses words which are peculiarly descriptive of such estates. Indeed, the granting language uses the very terms which constitute the essential features of, and "in fact themselves constitute a life estate." *Medlin v. Medlin,* 203 S.W.2d 635 (Tex.Civ.App.—Amarillo 1947, writ ref'd); *see also, Houston v. Harberger,* 377 S.W. 2d 673 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.); *Brown v. Wood,* 239 S.W. 2d 195 (Tex.Civ.App.—Dallas 1951, writ ref'd). The fact that the life estates are undivided interests in the same property presents no problem. A life estate may be devised to two or more persons as cotenants. 16 Tex.Jur.3d *Cotenancy and Joint Ownership* § 5 (1981); 34 Tex.Jur.3d *Estates* § 18 (1984).

■ Mrs. Rappeport argues that because the will gives her and Mrs. Lesikar power to manage and control the property, allows them to sell or exchange the property, but requires them to preserve the corpus, and in a later provision gives the estate representatives all the powers of trustees under the Texas Trust Act,[3] an intent to create a trust is indicated. We disagree. The powers given by the will to manage and control the property during the devisees' lifetimes is nothing more than the usual power of life tenants to operate, manage and use the property. *Medlin v. Medlin,* supra; *State v. Waddill,* 286 S.W.2d 680 (Tex.Civ.App.— Waco 1956, no writ). It is significant that these powers are granted to Mrs. Rappeport and Mrs. Lesikar, not in connection with their appointment as executrices, but as part of the grant of the life estates. A power of sale may validly be vested in a life tenant, and is not repugnant to the life estate. *Edds v. Mitchell,* 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470 (1945); *Caples v. Ward,* 107 Tex. 341, 179 S.W. 856 (1915); 34 Tex.Jur.3d *Estates* § 46 (1984). The obligation to preserve the corpus for the remaindermen is also standard and simply confirms the life tenants' usual duty to prevent waste. *Moore v. Vines,* 474 S.W. 2d 437 (Tex.1971); *Clyde v. Hamilton,* 414 S.W.2d 434 (Tex.1967); *Hill v. Hill,* 623 S.W.2d 779 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.); *White v. Blackman,* 168 S.W. 2d 531 (Tex.Civ.App.—Texarkana 1942, writ ref'd w.o.m.). The provision granting powers of trustees under the Texas Trust Act appears to refer to the Republic National Bank, which is appointed by the will as trustee of a contingent trust created for Mr. Lewis' grandchildren, and is also appointed substitute independent executor in case the daughters fail to serve.

The fact that Mr. Lewis created in the same will a testamentary trust for his grandchildren indicates that he knew how to create such a trust if he desired, and reinforces the conclusion that he did not intend to create one for his daughters, but to create two life estates as is plainly stated.

---

3. Now the Texas Trust Code, Tex.Prop.Code Ann. §§ 111.001, et seq. (Vernon 1984 & Supp. 1988).

Mrs. Rappeport relies on *Gonzalez v. Gonzalez*, 457 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.), and *Perfect Union Lodge v. Interfirst Bank of San Antonio*, 748 S.W.2d 218 (1988), to support her position that the life estates actually constitute a trust. We think those cases are distinguishable. In *Gonzalez*, the duties of management imposed on the executors were so extensive, including specific obligations to repair property, invest money, *support a family*, and rent property, that the will was said to manifest an intention to create a trust. Such a situation is not present in this case. Moreover, as noted earlier, the management powers vested in Mrs. Rappeport and Mrs. Lesikar were granted to them as life tenants, not as executrices. Likewise, in *Perfect Union Lodge*, extensive management powers were granted to the *executor in that capacity*, and the Supreme Court, in holding that a testamentary trust was created, gave special weight to the fact that the testator indicated a clear intention to separate the management of the residual estate from the beneficial interest granted. The will before us is completely different.

■ Even if the life estates here were construed as having the essential elements of a testamentary trust, it would not constitute a legal impediment to closing the estate and distributing the assets. Distribution is not the same as partition. *Gonzalez v. Gonzalez*, 469 S.W.2d 624 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.); *Terrill v. Terrill*, 189 S.W.2d 877 (Tex.Civ.App.—San Antonio 1945, writ ref'd). And a distribution, which is merely the delivery of interests devised by a will to those entitled to them, free of control by the estate's representatives, does not constitute an invasion of the corpus. Assets may be distributed to the trustees of a testamentary trust, to be held and administered by them in that capacity and in accordance with the trust provisions, without the need for an indefinite administration or a breaking up of the assets. *Oldham v. Keaton*, supra.

Trustees are not the equivalent of executors. *Minga v. Perales*, 603 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Jennings v. Srp*, 521 S.W.2d 326 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Roberts v. Kenna*, supra.

The court's refusal to order distribution could be sustained on a proper finding that there is a continued need for administration. *See Davis v. East Texas Savings & Loan Association*, 163 Tex. 361, 354 S.W.2d 926 (1962), involving Tex.Prob.Code Ann. § 152 (Vernon 1980). To sustain the judgment on that basis, however, the summary judgment evidence must have conclusively demonstrated such a need. Tex.R. Civ.P. 166a.

■ Ordinarily, there is no need for further administration when the will has been probated and the debts have been paid. *Francis v. Hall*, 13 Tex. 189 (1854); *Blair v. Cisneros*, 10 Tex. 34 (1853); *Banks v. Hereford*, 601 S.W.2d 108 (Tex. Civ.App.—Dallas 1980, no writ); Tex.Prob. Code Ann. § 178(b) (Vernon 1980). Both parties submitted affidavits and other summary judgment evidence in support of their motions. The evidence conflicted as to whether there was a need for continued administration. A summary judgment proceeding should not be a trial by affidavits or by weighing the relative strength of conflicting facts and inferences. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 (1962); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Kolb v. Texas Employers' Insurance Association*, 585 S.W. 2d 870 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.12 (rev.1984). If there is any material disputed issue, summary judgment is not proper.

The need for continued administration was not conclusively established. Thus, the cause must be remanded to the district court for trial. In this connection, we note that the record does not reflect whether the accounting demanded by Mrs. Lesikar pursuant to Tex.Prob.Code Ann. § 149B

was ever produced. Since an accounting is a statutory prerequisite to any determination of the need for further administration, *Id.*, an order should be issued requiring its production.

In her motion for rehearing Mrs. Rappeport urges that we should dismiss the appeal because the judgment below is not final. We have previously overruled her motion to dismiss on this ground, and we remain convinced that our action was correct. This proceeding was brought under Tex.Prob.Code Ann. § 149B, and is a probate matter within the meaning of Tex. Prob.Code Ann. § 5(e) (Vernon 1980), which provides that all final orders in probate are appealable. A probate order is final if it adjudicates some substantial right. It is interlocutory only if it leads to further hearings on the same issue. *White v. Pope*, 664 S.W.2d 105 (Tex.App.—Corpus Christi 1983, no writ); *Parr v. White*, 543 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Although the petition here also sought other and alternative relief, its main purpose was to compel an accounting and distribution and to close the estate. Since the judgment below denied all relief concerning a right to accounting and distribution under Section 149B, it was a final and appealable order.

The judgment is reversed and the cause is remanded for trial.