**Dismissed and Memorandum Opinion filed February 14, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00332-CV

## SHAWN DEANE GRUSS, AS TRUSTEE OF THE GALLAGHER FAMILY TRUST, Appellant

## V.

## GARY W. GALLAGHER, Appellee

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 435,263-402**

# M E M O R A N D U M   O P I N I O N

The trustee of a family trust seeks to appeal from a probate court's partial summary judgment and from an order denying a cross-motion for summary judgment in a case filed by one of the trust beneficiaries against the trustee. In neither the judgment nor the order nor the two instruments construed together did the trial court actually dispose of all claims and all parties before the court or state with unmistakable clarity that the instrument is a final judgment. Though the

trustee asserts that this court has appellate jurisdiction under section 32.001(c) of the Estates Code, we conclude that we do not have appellate jurisdiction under this statute because in neither the judgment nor the order nor the two instruments construed together did the trial court dispose of all parties and all issues in a particular phase of the probate proceedings. We dismiss this appeal for lack of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robert D. Gallagher died on October 8, 2014. Robert's Last Will and Testament was admitted to probate. Articles V and VI of Robert's will provided for the creation of the Gallagher Family Trust (the "Trust"). Appellee/plaintiff Gary W. Gallagher is Robert's son and is one of the beneficiaries of the Trust. Robert's wife, Maurita Gallagher, survived Robert and was named as the trustee of the Trust. Maurita passed away on August 25, 2015. Under Robert's will, two of Robert's friends were designated as successor trustees of the Trust. Both of them declined to serve as trustee. Appellant/defendant Shawn Deane Gruss, Robert's daughter, was appointed successor trustee of the Trust.

Gary filed suit against Gruss and alleged that though the time was ripe for Gruss to distribute the funds in the Trust to Gary and the other beneficiaries, Gary had received no distribution from the Trust. Gary asserted that, upon information and belief, Gruss had made distributions from the Trust to herself and other beneficiaries, but that Gruss impermissibly refused to make a distribution to Gary. Gary alleged that Gruss refused to comply with her fiduciary obligations to Gary and that Gruss was deliberately, intentionally, and maliciously refusing to make a distribution to Gary. Gary claimed that Gruss was withholding Gary's rightful distribution to spite him.

Gary asserted a claim against Gruss for breach of trust, contending that

Gruss's refusal to distribute funds to Gary constituted a breach of trust. Gary cited the parts of Texas Property Code section 114.008(a) that allow a court to remedy a breach of trust by compelling a trustee to perform the trustee's duty and by compelling the trustee to pay money. Gary asked the trial court to order Gruss to distribute to him "his 1/6 share of the [Trust]" pursuant to Texas Property Code section 114.008(a). Gary also asked the trial court for an order compelling Gruss to remedy her breach of trust by distributing the Trust funds to Gary immediately. Gary also sought to recover actual, consequential, and exemplary damages.

Gary requested the trial court to make declarations under Texas Civil Practice and Remedies Code section 37.005 that Gruss is obligated to distribute Trust funds to Gary and that Gruss's failure to do so is a breach of trust. Gary sought to recover his costs and reasonable and necessary attorney's fees under Texas Property Code section 114.064 and under Texas Civil Practice and Remedies Code section 37.009.

In Gruss's answer, she asserted various defenses and requested reasonable attorney's fees.

Gary filed a traditional summary-judgment motion. He alleged that Gruss's failure to distribute his full 1/6 share to him was a breach of the trust agreement and a "breach of trust." In his summary-judgment motion Gary sought a declaration pursuant to Texas Civil Practice and Remedies Code 37.005 that Gruss's failure to distribute the Trust funds to Gary was a breach of trust. Gary also asserted that he was entitled as a matter of law to a declaration that he has a right to a distribution of $633,817.81, Gary's 1/6 share, and an order compelling Gruss to promptly pay this amount to Gallagher. Gary also asked the trial court to rule as a matter of law that he is entitled to recover his costs and reasonable and necessary attorney's fees under Texas Property Code section 114.064 and Texas

Civil Practice and Remedies Code section 37.009. Gary stated that after the trial court granted his summary-judgment motion, Gary would present evidence as to the amount of his reasonable and necessary attorney's fees, an issue that Gary said was a fact question. Gary argued that he was entitled as a matter of law to summary judgment as to Gruss's unclean-hands defense. Gary also asked for a declaration that he is entitled to be treated the same as all other co-beneficiaries of the Trust. Gruss filed a traditional and no-evidence motion for summary judgment. In her motion Gruss argued that she was entitled to summary judgment on her affirmative defense that the Trust is not subject to Gary's claims because the Trust was not properly funded and is invalid as a matter of law. Gruss also asserted that there is no evidence of a valid trust, which Gruss asserted is an essential element of Gary's breach-of-trust and declaratory-judgment claims. Gruss also sought to recover attorney's fees.

On June 1, 2021, the trial court signed an order denying Gruss's summary-judgment motion (the "Order"). The trial court also signed a "Partial Summary Judgment," in which the court granted in part Gary's summary-judgment motion, without denying any part of the motion (the "Partial Judgment"). The trial court ordered that, pursuant to section 37.005 of the Texas Civil Practice and Remedies Code and section 114.008 of the Texas Property Code, Gary is entitled to "an equalizing distribution of trust funds consistent with those distributions previously made by [Gruss] to other Trust beneficiaries." The trial court ordered Gruss to make this distribution within seven days of the date of the Partial Judgment. The trial court also ordered that Gary is entitled to recover "those costs and reasonable and necessary attorney's fees as are equitable and just that were incurred by [Gary] in the prosecution of this action with such amount to be determined upon further application to the Court." In another order signed on June 1, 2021, the trial court ordered that "the trial in this matter on those claims not the subject of this Court's

4

Partial Summary Judgment, signed June 1, 2021, is CONTINUED until further notice of the Court."

Gruss filed a notice of appeal from the Partial Judgment and the Order. The trial court signed an order in which the trial court (1) allowed Gruss to supersede the Partial Judgment by posting a supersedeas bond or making a cash deposit in the amount of $633,818 and (2) stayed the Partial Summary Judgment for seven days or until Gruss superseded the Partial Summary Judgment, whichever was earlier. Gruss superseded the Partial Judgment by making the cash deposit.

## II. ISSUES AND ANALYSIS

**Does this court have appellate jurisdiction?**

Though no party has asserted that this court lacks appellate jurisdiction, we are obligated to review sua sponte issues affecting our appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Thus, we first address whether this court has appellate jurisdiction over this case.

**A.    Is there a final and appealable judgment under section 51.012 of the Civil Practice and Remedies Code?**

In her docketing statement in this court, Gruss stated that this appeal is from a final judgment, and she indicated that the Partial Judgment disposed of all parties and issues. In civil cases in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal to the court of appeals from a final judgment of a district or county court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West, Westlaw through 2021 R.S.). Under the general rule for determining finality, an order issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court or (2) states with unmistakable clarity that it is a final judgment. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001).

5

In the Order, though the trial court denied Gruss's summary-judgment motion, the trial court did not dispose of any claims or parties or state with unmistakable clarity that the Order is a final judgment. In the Partial Judgment, the trial court did not actually dispose of all claims and all parties before the court, nor did the trial court state with unmistakable clarity that the judgment is a final judgment.[1] *See id.* The trial court did not grant a severance to make the Partial Judgment final. Under the general rule for determining finality, the Order and Partial Judgment, whether construed separately or construed together as a single judgment, are interlocutory and not appealable under section 51.012 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012; *Lehmann*, 39 S.W.3d at 192, 200. Neither Gruss nor Gary have briefed any argument to the contrary.

**B.    Is there a final and appealable judgment under section 32.001(c) of the Estates Code?**

Gruss argues that we have appellate jurisdiction under section 32.001(c) of the Estates Code. An exception to the general rule for determining finality applies in probate cases because orders resolving certain discrete matters in probate cases may be final for purposes of appeal even though these orders do not dispose of all pending parties and claims. *See* Tex. Est. Code § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals"); *Lehmann*, 39 S.W.3d at 195; *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex. 1995); *Clark v. Clark*, 638 S.W.3d 829, 835 (Tex. App.—Houston [14th Dist.] 2021, no pet.). To determine whether the probate order is final on this basis, we first consider whether there is a statute specifically declaring this type of order to be the end of a particular phase of proceedings under the Estates Code. *See De Ayala v. Mackie*,

---

[1] Indeed, the trial court acknowledged that the Judgment and Order were not final since the court continued the trial of all claims that were not the subject of the Partial Judgment.

193 S.W.3d 575, 578–79 (Tex. 2006). If there is such a statute, then that statute controls; if not, the order is final if, in the order, the probate court disposed of all parties and all issues in a particular phase of the probate proceedings of which the order logically may be considered a part. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83. Probate proceedings are an exception to the "one final judgment" rule. *See Lehman*, 39 S.W.3d at 192. Not every interlocutory order in a probate case, however, is appealable. *See De Ayala*, 193 S.W.3d at 578.

There is no statute specifically declaring orders like the Partial Judgment or the Order to be the end of a particular phase of proceedings under the Estates Code. Thus, to determine whether the Partial Judgment or the Order is final and appealable under the probate exception to the general rule for determining finality, we must determine (1) if there is a particular phase of the probate proceedings of which the Partial Judgment or the Order logically may be considered a part, and (2) if, in the Partial Judgment or the Order, the probate court disposed of all parties and all issues in this phase. *See id*. at 578–79; *Crowson*, 897 S.W.2d at 781–83; *Clark*, 638 S.W.3d at 836. To make this determination, we examine the live pleadings contained in the record. *Clark*, 638 S.W.3d at 836. Because no special exceptions were sustained against Gary's live petition, this court construes that pleading liberally in Gary's favor to include all claims that reasonably may be inferred from the language used in the petition, even if the petition does not state all the elements of the claim in question. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000); *Hughes v. Bay Area Montessori House, Inc.*, No. 14-09-00410-CV, 2010 WL 862861, at *2 n.3 (Tex. App.—Houston [14th Dist.] Mar. 11, 2010, no pet.) (mem. op.).

The Order does not dispose of any party or claim and therefore is not final and appealable under the probate exception. *See Clark*, 638 S.W.3d at 836. In the

7

Partial judgment, the trial court granted Gary relief under Texas Property Code section 114.008(a) and under the Texas Declaratory Judgements Act. Under a liberal construction of Gary's petition, Gary made the following requests, and the trial court has not yet disposed of any of them: (1) Gary's request for actual and consequential damages under section 114.008(a)(3) of the Property Code; (2) Gary's request for exemplary damages based on Gruss's alleged intentional and malicious breach of trust by intentionally and maliciously refusing to make a distribution to Gary even though such a distribution was required by Gruss's fiduciary obligations; (3) Gary's request for a declaration that Gruss's failure to distribute Trust funds to Gary is a breach of trust; (4) Gary's request for a declaration that Gary is entitled to be treated the same as all other co-beneficiaries of the Trust; and (5) Gary's request for reasonable and necessary attorney's fees. On the same day that the trial court signed the Judgment and Order, the trial court signed another order continuing until further order of the court the trial of all claims not disposed of in the Partial Judgment.

In his summary-judgment motion, Gary asserted that though the amount of his reasonable and necessary attorney's fees is a question of fact, he had a right as a matter of law to recover his reasonable and necessary attorney's fees under Texas Property Code section 114.064 and under Texas Civil Practice and Remedies Code section 37.009. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.0009 (West, Westlaw through 2021 R.S.) (providing that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just"); Tex. Prop. Code Ann. § 114.064 (West, Westlaw through 2021 R.S.) (providing that [i]n any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just"). But, the trial court did not rule that Gary had this right.

8

Instead, the trial court determined that Gary is entitled to recover "those costs and reasonable and necessary attorney's fees as are equitable and just that were incurred by [Gary] in the prosecution of this action," and the trial court did not determine the amount of these costs and fees. In the future the trial court may exercise its discretion to determine that it is equitable and just to award no attorney's fees to Gary or to award him substantially less than the full amount of his reasonable and necessary attorney's fees. *See Kings River Trail Ass'n v. Pinehurst Trail Holdings*, 447 S.W.3d 439, 451–52 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Lesikar v. Moon*, 237 S.W.3d 361, 375–76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The trial court stated that it would make a finding as to this amount in the future, after Gary submitted an application for the costs and fees. Thus, the trial court did not dispose of Gary's request for reasonable and necessary attorney's fees, and the court did not dispose of all claims and all parties. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163–64 (Tex. 2015) (holding that summary-judgment order did not dispose of all claims and parties because the order did not dispose of the parties' requests for attorney's fees); *Nath v. Baylor College of Medicine*, No. 01-20-00401-CV, 2022 WL 1038372, at *3 (Tex. App.—Houston [1st Dist.] Apr. 7, 2022, pet. filed) (holding that dismissal orders did not dispose of all claims and all parties because the orders left unresolved the amount of attorney's fees to be awarded, even though the orders determined that the movants were entitled to recover attorney's fees) (mem. op.); *In re Blankenhagen*, 513 S.W.3d 97, 101 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]) (concluding that judgment was not final because even if liability for damages had been determined, the amount of damages had not yet been determined); *Chado v. PNL Blackacre, L.P.*, No. 05-04-00311-CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.) (holding that summary judgment did not dispose of all claims and all parties because it left

9

unresolved the amount of appellate attorney's fees to be awarded, even though it determined that the movant was entitled to recover appellate attorney's fees).

The trial court did not specify whether it concluded that Gary is entitled to recover reasonable and necessary attorney's fees as are equitable and just under Texas Property Code section 114.064, under Texas Civil Practice and Remedies Code section 37.009, or under both statutes. To the extent that the trial court will be considering the amount of attorney's fees, if any, to award to Gary under Texas Property Code section 114.064, whether Gary recovered actual, consequential, or exemplary damages based on Gruss's alleged breach of trust would be relevant to this determination. *See Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). To the extent that the trial court will be considering the amount of attorney's fees, if any, to award to Gary under Texas Civil Practice and Remedies Code section 37.009, whether Gary obtained his requested declarations regarding breach of trust and equal treatment would be relevant to this determination. *See id.*

The trial court did not grant a severance of the relief granted in the Partial Judgment. Gruss asserts that in this judgment, the trial court disposed of all claims alleged by Gary and that the sole issue raised in Gary's petition that remains to be determined is the amount of costs and reasonable and necessary attorney's fees Gary will recover. We agree that the trial court still needs to determine the amount, if any, of attorney's fees to be award to Gary, but, as stated above, four other requests for relief under Gary's claims also remain to be determined. In the Partial Judgment, the trial court disposed of some of the relief Gary requested under his breach-of-trust claim and some of the relief Gary requested under his declaratory-judgment claim. The trial court did not address whether Gruss has committed a breach of trust or whether Gary is entitled to recover consequential or exemplary damages based on Gruss's alleged breach of trust. The parts of the claims that the

10

trial court disposed of are not themselves a particular phase of the probate proceedings; rather, they are in the same phase of the probate proceedings as the relief that the trial court did not dispose of. *See Estate of Silverman*, No. 14-17-00891-CV, 2018 WL 344109, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 9, 2018, no pet.) (holding that declaratory relief and a request for attorney's fees under Texas Declaratory Judgments Act were part of the same phase of probate proceedings); *Asafi v. Rauscher*, No. 14-09-00800-CV, 2009 WL 4346067, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, pet. denied) (holding that the probate court's partial-summary-judgment orders were interlocutory and did not dispose of all parties and all issues in a particular phase of the probate proceedings because the orders related to claims and issues that remained pending before the probate court) (mem. op.). In the Partial Judgment, the trial court did not dispose of all parties and all issues in a particular phase of the probate proceedings. *See De Ayala*, 193 S.W.3d at 578–79 (holding that an order refusing to remove an executor did not dispose of all parties and all issues in a particular phase of the probate proceedings); *Bethany v. Bethany*, No. 03-19-00532-CV, 2020 WL 1327398, at *1 (Tex. App.—Austin Mar. 20, 2020, no pet.) (holding that probate court's order on issue of removing independent executor did not dispose of all parties and all issues in a particular phase of the probate proceedings because it did not dispose of the parties' requests for attorney's fees); *In re Estate of Pustka*, No. 14-18-00166-CV, 2018 WL 2926202, at *2–3 (Tex. App.—Houston [14th Dist.] Jun. 12, 2018, no pet.) (holding that the trial court's partial summary-judgment order logically should be considered as part of the phase of the probate proceeding in which appellant requested to be appointed guardian and sought the removal of the current guardian and that order ruling on the former request but not the latter was interlocutory); *In re Estate of Silverman*, 2018 WL 344109, at *1–2 (holding that probate court's partial summary judgment granting declaratory relief did not

11

dispose of all parties and all issues in a particular phase of the probate proceedings because it did not dispose of request for attorney's fees); *Asafi*, 2009 WL 4346067, at *1–2 (holding that the probate court's partial-summary-judgment orders were interlocutory and did not dispose of all parties and all issues in a particular phase of the probate proceedings because the orders related to claims and issues that remained pending before the probate court). Under the applicable legal standard from the Supreme Court of Texas, we conclude that the Order and the Partial Judgment, whether construed separately or construed together as a single judgment, are not final under the probate exception to the general rule for determining finality and that we do not have appellate jurisdiction under section 32.001(c) of the Estates Code. *See De Ayala*, 193 S.W.3d at 578–79; *Bethany*, 2020 WL 1327398, at *1; *Estate of Silverman*, 2018 WL 344109, at *1–2; *Asafi*, 2009 WL 4346067, at *1–2.

Gruss cites *Estate of Wright* for the proposition that a probate court's "order is appealable if it finally adjudicates some substantial right." 676 S.W.2d 161, 163 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). Gruss also relies on *In re Estate of Lewis*, a case in which the court applied the "substantial right" legal standard. *See In re Lewis*, 749 S.W.2d 927, 932 (Tex. App.—Texarkana 1988, writ denied). The Supreme Court of Texas has determined that the "substantial right" legal standard is no longer the correct legal standard for determining the appealability of a probate court order in this context. *See De Ayala*, 193 S.W.3d at 578–79; *Clark*, 638 S.W.3d at 835. Gruss also cites *Christensen v. Harkins*, a case that is also not on point because it did not apply the current legal standard. *See* 740 S.W.2d 69, 72–74 (Tex. App.—Fort Worth 1987, no writ) (op. on mot.). Gruss cites *Gordon v. Gordon*, in which the court of appeals recited the correct legal standard and concluded the court had appellate jurisdiction, without identifying the

12

particular phase of the probate proceedings involved in the case. *See* No. 11-14-00086-CV, 2016 WL 1274076, at *2 (Tex. App.—Eastland Mar. 31, 2016, pet. denied) (mem. op.). In its summary judgment, the probate court in *Gordon* held that the clause at issue was testamentary, that Patrick and Beverly did not by the joint will revoke the trust, and that the trust assets were not a part of Patrick's estate. *See id*. Thus, the *Gordon* court appears to have concluded that the particular phase of the probate proceedings was the determination as to whether the trust assets were assets of Patrick's estate and that the trial court's summary judgment disposed of all parties and all issues in that particular phase. *See id*. The facts of *Gordon* are materially different from the facts in today's case. *See id*.

Gruss cites the opinion in *Gutierrez v. Stewart Title Company*. *See* 550 S.W.3d 304, 311 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In that case, this court applied the Supreme Court of Texas's opinion in *De Ayala* and concluded that the summary-judgment orders in question were not final and appealable under Estates Code section 32.001(c). *See* Tex. Est. Code § 32.001(c); *De Ayala*, 193 S.W.3d at 578–79; *Gutierrez*, 550 S.W.3d at 309–12. The *Gutierrez* opinion does not support the proposition that we have appellate jurisdiction in this appeal. *See* Tex. Est. Code § 32.001(c); *De Ayala*, 193 S.W.3d at 578–79; *Gutierrez*, 550 S.W.3d at 309–12.

Under the applicable legal standard from the Supreme Court of Texas, we conclude that we do not have appellate jurisdiction under section 32.001(c) of the Estates Code. *See De Ayala*, 193 S.W.3d at 578–79; *Bethany*, 2020 WL 1327398, at *1; *Estate of Silverman*, 2018 WL 344109, at *1–2; *Asafi*, 2009 WL 4346067, at *1–2.

## C.     Should this court abate the appeal?

In the alternative, Gruss asserts that if this court determines that it lacks appellate jurisdiction, we should abate this appeal until the trial court resolves the issue of costs and attorney's fees, thus allowing the trial court to modify the Partial Judgment and Order so as to make them final and appealable. *See* Tex. R. App. P. 27.2.  Gruss asks that we allow the modified order and all proceedings related to it to be included in a supplemental record.  *See id*. Gruss also asks that we abate the appeal to allow the trial court to clarify any uncertainty that there may be as to the intent of the Order and the Partial Judgment. *See Lehmann*, 39 S.W.3d at 206 (stating that "[i]f the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court. But if the language of the order is clear and unequivocal, it must be given effect . . .") (footnote omitted).

As discussed above, the remaining requests that the trial court has not yet addressed include (1) Gary's request for actual and consequential damages; (2) Gary's request for exemplary damages; (3) Gary's request for a declaration that Gruss's failure to distribute Trust funds to Gary is a breach of trust; (4) Gary's request for a declaration that Gary is entitled to be treated the same as all other co-beneficiaries of the Trust; and (5) Gary's request for reasonable and necessary attorney's fees. We are not uncertain about the intent of the Order and the Partial Judgment, in which the trial court used clear and unequivocal language. In this context and in light of these unresolved requests, we exercise our discretion to dismiss this appeal rather than abating it to allow time for the trial court to render a final and appealable order. *See Equip. Performance Management, Inc. v. Baker Hughes, Inc.*, No. 14-15-01000-CV, 2017 WL 1540805, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 27, 2017, no pet.) (mem. op.); *Yates v. Tex. Dep't of Pub. Safety*, No. 14-14-00520-CV, 2014 WL 5310112, at *1 (Tex. App.—Houston

[14th Dist.] Oct. 16, 2014, pet. denied) (mem. op.); *Simmonds v. O'Reilly*, No. 14-09-00337-CV, 2010 WL 2517976, at *1 (Tex. App.—Houston [14th Dist.] Jun. 24, 2010, no pet.) (mem. op.).

### III. CONCLUSION

Under the general rule for determining finality, the Order and Partial Judgment, whether construed separately or construed together as a single judgment, are interlocutory and not appealable under section 51.012 of the Civil Practice and Remedies Code and are not final under the probate exception to the general rule for determining finality under section 32.001(c) of the Estates Code. The parties have not cited and we have not found a statute providing for an interlocutory appeal of the Order or the Partial Judgment or the two instruments construed together. Therefore, we dismiss this appeal for lack of appellate jurisdiction. This dismissal is without prejudice to a party's ability to timely perfect an appeal from an appealable order or judgment that the trial court may sign in the future.


/s/    Randy Wilson
        Justice

Panel consists of Justices Wise, Poissant, and Wilson.

15