**Clora SPEED et al., Appellants,**

v.

**Mrs. Ruth GRIFFIN, Appellee.**

**No. 4692.**

Court of Civil Appeals of Texas.

Waco.

April 11, 1968.

Walker, Baker & Altaras, Cleburne, for appellants.

Robert M. Mahanan, Cleburne, for appellee.

OPINION

McDONALD, Chief Justice.

This is a suit to construe the will of T. H. Griffin, deceased. Plaintiff, Mrs. Ruth Griffin, is surviving second wife of the deceased. Defendants, Harley Griffin, Raymond Griffin, Odell Griffin, Willa Perlman and Clora Speed are the deceased's children by his first marriage.

Omitting formal parts, the will reads:

"2—I make this declaration viz: I have been married twice. My first wife died intestate, and no administration was ever had on her estate and no need therefor. Our children are all living and named as follows: Harley Griffin, Clora Speed, Raymond Griffin, Odell Griffin, Willa Perlman—all adult and competent persons; My second wife now living with me at the Old Farm Home in Johnson County, Texas, she being named Ruth (Runnels) now Griffin. The land in Harding County, N. M., * * * and the land in Johnson County, Texas, where we now live * * *, has all been acquired by me and my wives and under my guidance and fruits of my labor and management; The personal property now owned by me has been almost and I would say wholly acquired since my last marriage 8 years ago.

"3—Whatever property I shall have or be interested in at the time of my death, real, personal, or mixed of whatever kind and wheresoever situated I give and bequeath as follows:

"a—The New Mexico land I give in fee simple to my children now named in the following proportions, to-wit: to Harley Griffin, one-fifth; to Clora Speed one-fifth; to Odell Griffin one-fifth; to Willa Perlman two-fifths.

"b—To my Johnson County, Texas land, I give and bequeath in fee simple as follows, to-wit: To my wife Ruth (Runnels) Griffin as her share and portion, a one-third of the whole; To my children now named I give and bequeath to them the portions of said Johnson County, Texas, to-wit: To Harley Griffin, one-fifth of two thirds of the whole; To Clora Speed, one-fifth of two-thirds of the whole; to Odell Griffin, one-fifth of two-thirds of the whole; to Willa Perlman, two-fifths of two-thirds of the whole.

919

"c—Whatever personal property I may have or own or have any interest in at the time of my death, I give and bequeath in fee simple wholly to my wife Ruth (Runnels) Griffin."

The record reflects that at testator's death he did not own the New Mexico land; and the court was not requested to, and did not make any finding with reference to the New Mexico land. There was no administration on the estate of testator's first wife; the Johnson County land consisting of 175 acres was community property of the marriage of testator and his first wife; testator and his second wife had no children; and testator died August 6, 1963, and is survived by his second wife and the five children of his first marriage.

In the trial court plaintiff contended the will devised to her one-third of the entire 175 acres in Johnson County, while defendants contended such will devised to plaintiff one-third of testator's one-half interest in such 175 acres.

Trial was to the court without a jury which, after hearing, entered judgment for

1) Plaintiff Ruth Griffin for ⅓ of ⁹⁄₁₀ interest

2) Harley Griffin ⅕ oᶠ ⅔ of ⁹⁄₁₀ interest

3) Cora Speed ⅕ of ⅔ of ⁹⁄₁₀ interest

4) Odell Griffin ⅕ of ⅔ of ⁹⁄₁₀ interest

5) Willa Perlman ⅖ of ⅔ of ⁹⁄₁₀ interest

6) Raymond Griffin ¹⁄₁₀ interest.

The trial court filed Findings and Conclusions to the effect that:

1) Testator intended to devise the entire community property of him and his first wife.

2) That by devising all of the community property, testator required the devisees under the will to elect to accept under the will, or reject the will and accept under the laws of descent and distribution.

3) That since Raymond Griffin was not a devisee in the will, he was entitled to ⅕ of his mother's ½ interest.

4) That the devisees took as set out in the judgment, supra.

Defendants appeal on two points, contending the trial court erred in holding that the testator intended to devise not only his undivided ½ interest in the 175 acres, but also the undivided ½ interest inherited by the children of the first wife.

Paragraph 3b, devises to plaintiff "⅓ of the whole"; and to defendants, Harley Griffin "⅕ of ⅔'s of the whole"; Clora Speed, "⅕ of ⅔'s of the whole"; Odell Griffin, "⅕ of ⅔'s of the whole"; and to Willa Perlman, "⅖'s of ⅔'s of the whole." Plaintiff contends, and the trial court found that by such language testator intended to dispose of the whole 175 acres—that is, his ½ interest and the ½ interest of his first wife.

But the preceding paragraph 3 recites that the testator bequeaths as follows: "Whatever property I shall have or be interested in at the time of my death * *". Such language indicates an intention to dispose only of property owned by the testator. Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670; Rippy v. Rippy, CCA, Er.Ref., 49 S.W.2d 494; Ward v. Gohlke, CCA, Er.Ref., 279 S.W.2d 422.

The law presumes that a testator intends to dispose of only his own property, and a testamentary instrument will not be construed to dispose of property not owned by the testator unless that result is indicated by clear and unequivocal language which leaves the will "open to no other construction." Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670, 674, 675; Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544.

■ And if the language of the will is open to a different construction, that is, a construction that the testator intended to dispose of only his own property, which paragraph 3 indicates, the instrument will be construed as a matter of law as not disposing of any other property. Schelb v. Sparenberg, 133 Tex. 17, 124 S.W.2d 322, 326; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92; Davis v. East Texas Svg. & Loan Ass'n., 163 Tex. 361, 354 S.W. 2d 926, 932; Buschman v. Bryant, (nwh) Tex.Civ.App., 400 S.W.2d 950, 952, 953.

■ We sustain defendants' points. The judgment is reversed and here rendered, construing the will that the testator intended disposition only of his one-half interest in the 175 acres.

Reversed and rendered.