**Samuel Phillip MILLER, Appellant,**

**v.**

**Andy R. WILSON, Individually and as Personal Representative of the Estate of Bessie Beckham Miller, Deceased, Appellee.**

**No. 08–93–00418–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 3, 1994.

Rehearing Overruled Dec. 8, 1994.

Steven L. Hughes, Mounce & Galatzan, El Paso, for appellant.

Ronald R. Calhoun, Calhoun Morton & Villa, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

The Appellee's Motion for Rehearing is granted, our opinion of July 21, 1994 is withdrawn, and the following is the opinion of this Court.

This is a will construction case. Bessie Beckham Miller,[1] the second wife of the Testator, Samuel Miller, filed a declaratory judgment action seeking a determination that she was entitled to a 50 percent ownership interest in the family home. The case was tried to a jury. The trial court granted Appellee's motion for judgment on the verdict, granting Appellee 50 percent ownership interest in the family home and other relief sought not ger-

---

1. Mrs. Miller died before the case went to trial and Andy R. Wilson, Appellee herein, was substituted as Plaintiff in his capacity as personal representative of Mrs. Miller's estate.

mane to the present appeal. Appellant perfected his appeal. We affirm as modified.

## I.  SUMMARY OF THE EVIDENCE

### The Facts

Samuel Miller died testate. Samuel Miller and his first wife, Kathryn Miller, were married in 1925. In 1935, they bought property located at 4122 Emory Road, El Paso, Texas, and built their family home. There are two children of that marriage, Margaret Miller Schillinger and Phillip Miller (Appellant herein).[2]

Kathryn Miller died intestate in 1951. Under the law of Descent and Distribution, her one-half share in the family home passed equally to Margaret Miller Schillinger and Phillip Miller. TEX.PROB.CODE ANN. § 45 (Vernon 1980).[3] Testator maintained his 50 percent community property ownership interest, together with a life estate in the property.

Samuel Miller married his second wife, Bessie Beckham, in 1958. They lived in the family home at 4122 Emory for twenty-nine years until Samuel Miller's death in 1987. After Samuel Miller's death, Bessie Beckham Miller continued to reside in the home until she decided to move to Albuquerque, New Mexico to be near her son and grandson. Prior to moving, she expressed to Appellant her desire to sell the property. They were unable to agree upon a prospective division of the proceeds of the proposed sale.

Bessie Beckham Miller then filed suit for declaratory judgment, seeking a determination of her rights under the will of her husband, and an order of sale from the court. Bessie Beckham Miller died before judgment was rendered in the suit, and her son Andy Wilson was substituted as executor of her estate.

This appeal involves the interpretation of one paragraph of Samuel Miller's will. The paragraph at issue reads as follows:

2. After judgment was entered, Margaret Miller transferred all of her interests in Samuel Miller's estate to her brother, Phillip Miller.

3. We note that in 1991, the Legislature changed the distribution scheme provided for in Section

I hereby give, devise and bequeath to my wife, BESSIE BECKHAM MILLER, my interest in the community property which we have acquired during our marriage. **I further give, devise and bequeath to my said wife, BESSIE BECKHAM MILLER, a life estate in the family home at 4122 Emory Road, El Paso, Texas. If she should desire to sell this property she may do so and she shall receive 50 per cent of the proceeds of said sale. One-fourth of said proceeds to go to each of my children, MARGARET ANN MILLER SCHILLINGER and SAMUEL PHILLIP MILLER.** [Emphasis added].

### Assertion of Error

Appellant brings forward two points of error. First, Appellant maintains the trial court erred in overruling his motion to vacate or modify judgment; and, second, the trial court erred in granting a judgment notwithstanding the verdict without having before it a written motion for judgment notwithstanding the verdict.

## II.  DISCUSSION

The record reveals that the following questions of law exist: (1) the nature and extent of the estate that Testator devised to his widow, Bessie Miller; (2) the nature and extent of the power of sale that Testator granted to his widow; and (3) the disposition of the proceeds from any exercise of the power of sale.

### Testator's Intent

■  The threshold issue in interpreting a will is a determination of the intent of the testator. Turner v. Adams, 855 S.W.2d 735, 738 (Tex.App.—El Paso 1993, no writ), citing McGill v. Johnson, 799 S.W.2d 673, 674 (Tex. 1990). "A will is a unilateral instrument, and the court is concerned only with the intention of the testator as expressed in the document.

45 of the Probate Code. Kathryn Miller's share of community property passed under the old scheme, then in effect. TEX.PROB.CODE ANN. § 45 (Vernon Supp.1994).

The sense in which the words were used by the testator is the ultimate criterion, and the court may always receive and consider evidence concerning the situation of the testator, the circumstances existing when the will was executed, and other material facts that will enable the court to place itself in the testator's position at the time." *Stewart v. Selder,* 473 S.W.2d 3, 7 (Tex.1971).

### The Nature and Extent of the Estate Devised

■ A life estate is created where the language of the will manifests an intention on the part of the testator to pass to the first taker a right to possess, use, or enjoy property during the period of his life. *Riedel v. Kerlick,* 474 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). Where the taker is to have a "life estate," and the intention to create such estate is evident, effect should be given to the expression of such intent. *See* 34 TEX.JUR.3d *Estates* § 20 (1984). Here, Testator, by the language of his will, unequivocally devised to his widow an estate for life.

■ The next question to be answered is the extent of the property in which the life estate to Bessie Miller was granted.

■ A will cannot be construed to dispose of property not owned by the testator unless that result is indicated by clear and unequivocal language and the will is open to no other construction. *Speed v. Griffin,* 427 S.W.2d 917, 919–20 (Tex.Civ.App.—Waco 1968, no writ); *see also Haile v. Holtzclaw,* 414 S.W.2d 916, 922 (Tex.1967); *Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900, 908 (1955). *Speed,* as does the present case, involved a dispute between the testator's second wife and his children by a former marriage concerning real property in which the testator and the children each owned 50 percent at the time of testator's demise. There, the testator's will bequeathed "a one-third of the whole" of his Johnson County land to his surviving second wife, with the rest of the

"whole" going to his children from his first marriage. *Speed,* 427 S.W.2d at 918. The trial court entered judgment awarding the surviving wife one-third of the Johnson County property.[4] The appellate court reversed and rendered judgment holding that even though the testator had referred to devising to his second wife "one-third of the whole," the law presumes that he intended to dispose of only his own property. *Id.* at 919. Consequently, she was entitled to only one-third of the testator's 50 percent ownership. Similarly, in the present case, although the Testator purported to devise his widow a life estate in the family "home," he was possessed of only 50 percent ownership of the "home." Thus, the actual estate devised was a life estate in the 50 percent interest which he, in fact, owned. The Testator could not devise more than that which he possessed. *Haile,* 414 S.W.2d at 922. Therefore, Bessie Miller received, by the will, a life estate in Samuel Miller's half-interest in the property on Emory Road.

### The Nature and Extent of the Power of Disposition

■ In addition to granting his widow a life estate in his interest in the family home, Samuel Miller's will gave her a power of sale of the corpus of that interest. *See Glass v. Skelly Oil Co.,* 469 S.W.2d 237, 241 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.). A power of sale may validly be vested in a life tenant, and is not repugnant to the life estate. *Edds v. Mitchell,* 143 Tex. 307, 184 S.W.2d 823, 825 (1945); *In re Estate of Lewis,* 749 S.W.2d 927, 930 (Tex.App.—Texarkana 1988, writ denied);[5] 34 TEX.JUR.3d *Estates* § 46 (1984). It is not repugnant to the remainder, but when exercised, it defeats the remainder in the *property sold. Edds,* 184 S.W.2d at 825. The *proceeds* of such a sale remain subject to the remainder interest. *Id.* Here, Testator, by the language of the will, granted his widow the power of sale along with the life estate. The next question, as before, is the power to sell what.

---

**4.** Less ¹⁄₁₀ of the property which was awarded to a son, Raymond Griffin, who was not a devisee under the will.

**5.** On related appeal after remand, modified concerning partial distribution issue in closing the estate in *Lesikar v. Rappeport,* 809 S.W.2d 246 (Tex.App.—Texarkana 1991, no writ).

Following the same reasoning as with the extent of the life estate devised, the Testator could not grant authority to sell something he did not own. A grant of authority to sell "this property" is similar to the devise of a life estate in the "home" and the conveyance of the "whole" in *Speed.* Therefore, Bessie Miller was granted authority to sell the corpus of the fee which was the basis of her life estate; that is, Samuel Miller's 50 percent interest in the overall property.

The Appellee argues that the jury finding on the intent of Samuel Miller regarding the disputed clause controls. He argues that the finding is a determination that Samuel Miller intended the power of sale apply to the whole property, and not just his interest in the property. The question submitted to the jury asked:

> In the third sentence of Paragraph II of his Will dated May 20, 1970, to which of the following do you find by a preponderance of the evidence that Samuel Isaac Miller intended for the word "property" to refer:
>
> (1) 100% of *his interest* in the house at 4122 Emory Road, El Paso, Texas
>
> OR
>
> (2) A life estate in his 50% of the house at 4122 Emory Road, El Paso, Texas.
>
> Answer "100%" or "Life Estate". [Emphasis added].

The jury found that he intended the word to apply to 100 percent of his interest, and not merely the life estate. This finding clearly does not apply to the whole property, but as stated, to "his interest." Therefore, the presumption that the testator intended the bequest to apply only to his own property is not overcome by this finding.

### The Bequest Distributing Proceeds

Samuel Miller's will also provided for a distribution of the proceeds of the sale of the interest underlying the life estate. Bessie Miller was to take one-half of those proceeds outright, with the other half going to Samuel Miller's children outright. As she was empowered to sell only the one-half of the home owned by her husband, and entitled to one-half of the proceeds of that sale,

she was entitled to 25 percent of the proceeds of the sale of the home.

### III. *CONCLUSION*

We hold that Samuel Miller made three bequests in his will regarding his home. He granted his wife a life estate in his 50 percent interest in the family home at 4122 Emory Road, with a remainder to his children. He granted his wife the express power to sell such 50 percent interest if she should desire to do so. Finally, he granted his wife one-half of the proceeds of the sale of the interest underlying the life estate, when and if the power of sale was exercised. We sustain Appellant's first point of error, and hold that the trial court erred in not granting Appellant's motion to modify judgment because, as a matter of law, Appellee was entitled only to one-half of the proceeds of the sale of the one-half interest of the husband in the home. We therefore modify the judgment of the trial court such that Appellee receives 25 percent of the proceeds of the sale of the whole property.

The judgment of the trial court is affirmed as modified.