ACCEPTED
03-15-00492-CV
8353035
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/22/2015 9:48:11 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00492-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

12/22/2015 9:48:11 PM

JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS

FOR THE STATE OF TEXAS

HEATHER MARTIN AND JOHN BROWN

V.

LEONORA BROWN

On Appeal From the County Court at Law Number 1 of Bell County, Texas

REPLY BRIEF OF THE APPELLANTS

ORAL ARGUMENT REQUESTED

Tad H. Cleaves
TBA No. 24062667
Roberts & Roberts, LLP
2501 E. Elms Road, Suite A
Killeen, Texas 76542
Telephone: (254) 526-7541
Facsimile: (254) 526-5656
tcleaves@robertslegalfirm.com

ATTORNEY FOR PETIONERS AND APPELANTS

i

# TABLE OF CONTENTS

I.    ARGUMENT ............................................................................... 1

      A. The use of the word "occupy" in Mr. Brown's will did not create ambiguity. ...................................................................... 1

      B. Extrinsic evidence should not be considered to determine Mr. Brown's intent. .................................................................... 2

      C. Appellee's position as Independent Executor is irrelevant. ............ 3

II.    CONCLUSION ........................................................................... 3

# TABLE OF AUTHORITIES

## Texas State Cases

*San Antonio Area Foundation v. Lang,*
    35 S.W.3d 636 (Tex. 2000) ............................................... 2, 3

*Miller v. Wilson,*
    888 S.W.2d 158 (Tex. App. – El Paso 1994) ...................... 2, 3

*Turner v. Adams,*
    855 S.W.2d 735 (Tex. App. – El Paso 1993, no writ) ............ 3

*McGill v. Johnson,*
    799 S.W.2d 673 (Tex. 1990) ................................................ 3

## Other Materials

*Brief of the Appellee* ........................................................... 1, 2, 3

*Brief of the Appellants* ........................................................... 1

## I.   ARGUMENT

## A.   The use of the word "occupy" in Mr. Brown's will did not create ambiguity.

Appellee attempts to create the perception of an ambiguity of language where one simply does not exist. "Occupy" is not an ambiguous word. Appellee incorrectly argues in her *Brief of the Appellee* that because "no specific definition is included in the body of the will to define or give the testator's interpretation of the word 'occupy'" that an ambiguity is created within the Will. *Brief of Appellee*, 2. When used in a real estate context, "occupy" is not an ambiguous term. As discussed on pages 6 and 7 of the *Brief of the Appellants*, "occupy" and "occupancy" always includes physical residence or possession. *Brief of the Appellants, 6-7.* Appellee wants this Court to accept on faith a "broader sense of the word occupy" *Brief of Appellee*, 2. Appellee fails to give a single example of or citation to this broader sense of "occupation" to support a notion that mere ownership or simple use is enough to "occupy" real property and satisfy this condition of the will.

1

**B. Extrinsic evidence should not be considered to determine Mr. Brown's intent.**

Where there is no ambiguity in a will, there is no need to use extrinsic evidence to determine the testator's intent. The Supreme Court of Texas held that "Determining a testatrix's intent from the four corners of a will requires a careful **examination of the words used**. If the will is unambiguous, a court **should not go beyond specific terms** in search of the testatrix's intent. *San Antonio Area Foundation v. Lang*, 35 S.W.3d 636, 640 (Tex. 2000) (emphasis added). In her brief, Appellee relies on an earlier lower court decision for the proposition that the interpretation of a will should be supplemented by evidence regarding the situation and circumstances of the testator's life at the time of the will's execution – regardless of whether the will contains any ambiguity. *Brief of Appellee*, 3, *citing Miller v. Wilson*, 888 S.W.2d 158 (Tex.App. – El Paso 1994). *Miller* does not stand for this proposition. The *Miller* decision involves a testator who devised to his second wife property that was owned in part by testator's first wife. Extrinsic evidence was important in the *Miller* case to determine how much property was actually owned by testator at the time of his death – not to determine testator's intent. The actual text of the *Miller* decision at the citation reported by Appellee reads as follows:

The threshold issue in interpreting a will is a determination of the intent of the testator. *Id.* at 160, *citing Turner v. Adams*, 855 S.W.2d 735, 738 (Tex.App. – El Paso 1993, no writ), *citing McGill v. Johnson*, 799 S.W.2d 673, 674 (Tex.1990).

This section *does not* indicate a need for a court to look to extrinsic evidence to determine a testator's intent in all situations, and it fails to distinguish the later *Lang* decision. The language of the will in the instant case is unambiguous, and following the rule from *Lang*, looking to extrinsic evidence for its interpretation was improper.

## C. Appellee's position as Independent Executor is irrelevant.

Appellee also seems to argue that Appellee's position as Independent Executor of the will has some bearing on whether the devise at issue in this appeal is subject to the condition of occupancy. *Brief of Appellee*, 4. Appellee's service as Independent Executor is unrelated to the language of the devise at issue herein and is irrelevant to this analysis.

## II. CONCLUSION

The lower court's ruling in this case should be reversed. The wording of Last Will and Testament of Franklin Arthur Brown is exceedingly clear. Mr. Brown grants a life estate in real property to his spouse subject to the two conditions that (1) she survives and (2) that she "occupy" the real

3

property. He thinks occupancy is so nice, he states the requirement twice. No one need look beyond the words of the will to understand Mr. Brown's intention, and no one should. Appellee would prefer to not have an occupancy requirement placed on this life estate, but that desire contradicts Mr. Brown's stated intention. This lower court erred in awarding an unconditional life estate to Appellee, and Appellants pray this Court reverses that decision.

Respectfully Submitted,

ROBERTS & ROBERTS, L.L.P.

By_____
Tad H. Cleaves
State Bar No. 24062667
2501 East Elms Road, Ste A
Killeen, Texas 76542
(254) 526-7541
Fax: (254) 526-5656
tcleaves@robertslegalfirm.com

4

## Certificate of Compliance

I certify that this brief was prepared with Microsoft Word 2012, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 707 words.

/s/ Tad H. Cleaves_____
Tad H. Cleaves
Attorney for Appellants

## Certificate of Service

I certify that a true copy of this Brief of the Appellants was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party: Leonora Brown

Lead attorney: Mary Black Pearson

Address of service: 2109 Birdcreek Terrace, Temple, Texas 76502

Method of service: by fax and by electronic service

Date of service: December 22, 2015

/s/ Tad H. Cleaves_____
Tad H. Cleaves
Attorney for Appellants