ACCEPTED
03-15-00492-CV
7645485
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/2/2015 3:50:13 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00492-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/2/2015 3:50:13 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS

FOR THE STATE OF TEXAS

---

HEATHER MARTIN AND JOHN BROWN

V.

LEONORA BROWN

---

On Appeal From the County Court at Law Number 1 of Bell County, Texas

---

BRIEF OF THE APPELLANTS

---

ORAL ARGUMENT REQUESTED

Tad H. Cleaves
TBA No. 24062667
Roberts & Roberts, LLP
2501 E. Elms Road, Suite A
Killeen, Texas 76542
Telephone: (254) 526-7541
Facsimile: (254) 526-5656
tcleaves@robertslegalfirm.com

ATTORNEY FOR PETIONERS AND APPELANTS

i

## IDENTITY OF PARTIES AND COUNSEL

**Petitioners / Appellants:**

Heather Martin and John Brown

**Trial and Appellate Counsel for Petitioners / Appellants:**

Tad H. Cleaves
TBA No. 24062667
Roberts & Roberts, LLP
2501 E. Elms Road, Suite A
Killeen, Texas 76542
Telephone: (254) 526-7541
Facsimile: (254) 526-5656
tcleaves@robertslegalfirm.com

**Respondent / Appellee:**

Leonora Brown

**Trial and Appellate Counsel for Respondent / Appellee:**

Mary Black Pearson
TBA No. 02373590
Pearson & Pearson, LLP
2109 Birdcreek Terrace
Temple, Texas 76502
Telephone: (254) 778-0699
Facsimile: (254) 778-0500

# TABLE OF CONTENTS

I.    STATEMENT OF FACTS ........................................................................ 1

      A. Family History and Property ............................................................ 1

      B. Will Provisions at Issue ................................................................. 2

      C. Failure to occupy San Saba Property and Lease of San Saba

      Property ............................................................................................ 2

II.   SUMMARY OF THE ARGUMENT ...................................................... 3

III.  ARGUMENT .......................................................................................... 4

      A. Standard of Review ......................................................................... 4

      B. Mr. Brown's testamentary intent is unambiguous from the plain
      language of his Last Will and Testament. .......................................... 5

      C. Testator's use of the term "occupy" does not create ambiguity. ..... 6

      D. The Trial Court erred when it added an "abandonment"
      requirement to the devise of the San Saba Property. ......................... 9

      E. The ruling cited by the trial court in *Singleton v. Donalson*, 117
      S.W.3d 516 (Tex. App – Beaumont 2003, pet. Denied) does
      not support granting Appellee an indefeasible life estate. ................ 10

IV.   CONCLUSION ..................................................................................... 13

V.    APPENDIX ........................................................................................... 14

# TABLE OF AUTHORITIES

## Texas State Cases

*Harris v. Hines,*
    137 S.W.3d 898 (Tex.App. – Texarkana 2004, no pet.)................4

*Steger v. Muenster Drilling Co.,*
    134 S.W.3d 359 (Tex.App. – Fort Worth 2003, pet. Denied)............4

*San Antonio Area Foundation v. Lang,*
    35 S.W.3d 636 (Tex. 2000)..........................5, 7, 9, 13

*Lehman v. Corpus Christi Nat'l Bank,*
    668 S.W.2d 687 (Tex. 194)................................5

*Spiegel v. KLRU Endowment Fund,*
    228 S.W.3d 237 (Tex. App. – Austin 2007, no writ).................5

*Brown v. Johnson,*
    118 Tex. 143 (Tex. 1929)..............................8, 9

*Ellis et al. v. Patrick et al.,*
    93 S.W.2d 1201 (Tex. App.-- Waco 1936, no writ)..............8, 7

*Singleton v. Donalson,*
    117 S.W.3d 516 (Tex. App – Beaumont 2003, pet. Denied).........10, 11, 12, 13

## **Statutes**

### **State Statutes**

Tex. Prop. Code § 5.008 .................................................................................. 7

Tex. Prop. Code § 22.021 ................................................................................ 8

## **Record References**

The Record citing convention contained below is used throughout Appellants' Brief.

CR ___                   Clerk's Record

2 RR ___                 Reporter's Record Volume Two of Three Volumes

3 RR ___                 Reporter's Record Volume Three of Three Volumes

App. Tab ___             Appendix

## STATEMENT OF THE CASE

Heather Martin and John Brown (collectively "Appellants") make this appeal in response to the trial court's Order Regarding Declaratory Judgment and Complaint for Correction of the Inventory (CR 17, 18). Appellants were two of the three heirs to the Estate of Franklin Arthur Brown (the "Estate"), and Leonora Brown, Appellee in the instant matter, is both the third heir to the Estate and the executor of the Estate. In the trial court Appellants petitioned for a declaratory judgment that certain Estate real property be granted to Appellants in fee simple due to Leonora Brown's failure to "occupy" the property as required in the Last Will and Testament of Franklin Arthur Brown (the "Will") (CR 3-6). After a bench trial, the trial court ruled in favor of Appellee, and Appellants are appealing that ruling.

## ISSUE PRESENTED

1.     Did the trial court err by ruling that the Will grants an indefeasible life estate in the real property at issue to Appellee?

## I.   STATEMENT OF FACTS

## A.   Family History and Property

Franklin A. Brown ("Mr. Brown") passed away on March 23, 2013. Approximately eleven years earlier, on August 28, 2002, Decedent executed a Last Will and Testament ("Will"), which was admitted to probate by the trial court on July 25, 2014. At the time he executed his Will, Decedent was married to Leonora Brown, Appellee herein, and had two living children from an earlier marriage, who are the Appellants herein. Appellee and Appellants are the three heirs named in the Will. App. Tab 3.

When they married, Mr. Brown and Appellee lived together with John Brown, Mr. Brown's son, in an apartment in Mr. Brown's family's funeral home in San Saba, Texas (2 RR 14). They then moved together to an apartment in Killeen, Texas (Id. at 13-14), and in April 2004, Mr. Brown and Appellee (without John Brown) moved into a home in Copperas Cove, Texas (the "Copperas Cove Home") (Id. at 20), where they continued to live until Mr. Brown's death. Id. Throughout this time period, Mr. Brown owned a tract of land in San Saba he received prior to his marriage to Appellee (the "San Saba Property"). CR 10. When Mr. Brown and Appellee married, there were no structures on this property. 2 RR 15. After their marriage in 2000 and before 2004, a sheet metal building with a shop and apartment was

1

constructed on the San Saba Property. 2 RR 15. John Brown lived alone in this building for a period of time in 2004. 2 RR 15.

**B.      Will Provision At Issue**

The Will, which is attached as Exhibit A in the Appendix hereto, makes provisions for Mr. Brown's property to be split among his wife and two children, who are named in the Will. App. Tab 3. In Paragraph II(c) of the Will, Mr. Brown devises, "Unto my wife for and during her natural life <u>or until such time as she shall fail to occupy the same</u>, all real property which I own in the town of San Saba, Texas. In the event she shall predecease me <u>or cease to occupy said property</u>, then <u>in either of these events</u>, said real property shall vest in my children, share and share alike (Emphasis Added)." App. Tab 3. Mr. Brown also leaves the residue of his estate in equal shares to his wife and two children. App. Tab 3.

**C.      Failure to Occupy San Saba Property and Lease of the San Saba Property**

Since moving to the Copperas Cove Home in 2004, Appellee has lived there continuously. 2 RR 20. She also claims the Copperas Cove Home as her homestead for tax purposes, and she intends to continue to live in the Copperas Cove Home. 2 RR 20-21. Furthermore, on April 4, 2015, Appellee

2

entered into a written Lease Agreement (the "Lease Agreement") to lease the San Saba Property for six-months. 3 RR Ex 1. Appellee plans to use the income derived from leasing the San Saba Property to, among other things, "provide [her] with a little bit of income." 2 RR 26. No evidence was presented to the trial court that Appellee ever intends to reside in, live upon, occupy or use the San Saba Property.

## II.    SUMMARY OF THE ARGUMENT

The Last Will and Testament of Franklin Arthur Brown is a simple and unambiguous document. It runs four pages and disposes of all Mr. Brown's property in just a few paragraphs. App. Tab 3. Mr. Brown's testamentary intent is apparent on the face of the document, and Appellants want it to be construed according to the plain language in which it is written.

The will provision at issue herein deals with title to real property in San Saba, Texas. The provision as it reads grants a life estate in real property to Appellee conditioned on Appellee "occupying" the property. App. Tab 3. The text of the Will creates a defeasible life estate subject to an executory limitation. Appellants argue that Mr. Brown's testamentary intent is clear from the language of the Will, and because the occupancy requirement has not been met by Appellee, her rights to the property are forfeit.

In order for the trial court to look outside the four corners of the Will for testamentary intent, the Will must contain some ambiguity of language. The use of the word "occupy" and Mr. Brown's inclusion of a defeasible life estate subject to an executory limitation does not create ambiguity in his Will, so the trial court should not have looked outside the Will to determine Mr. Brown's testamentary intent. Furthermore, the addition by the trial court of a condition that Appellee actively abandon the property, in the absence of any language in the Will or evidence in the record to support such a ruling, was improper.

## III. ARGUMENT

### A.    Standard of Review

The question of whether terms of a will are ambiguous is a question of law. *Harris v. Hines,* 137 S.W.3d 898, 903 (Tex.App. – Texarkana 2004, no pet.). If the court can give a definite legal meaning or interpretation to the words used, the will is unambiguous, and the court should construe it as a matter of law. *Steger v. Muenster Drilling Co.,* 134 S.W.3d 359, 373 (Tex.App. – Fort Worth 2003, pet. Denied). Questions of law are reviewed *de novo*. *Harris*, 137 S.W.3d at 903. In the instant case, the trial court's interpretation of an unambiguous provision of Mr. Brown's Will is at issue, so the Appellate Court's review should be a *de novo* standard.

**B.** **Mr. Brown's testamentary intent is unambiguous from the plain language of his Last Will and Testament.**

In his Last Will and Testament, Mr. Brown was unambiguous with the disposition of his property, so the trial court abused its discretion by looking to extrinsic evidence for Mr. Brown's testamentary intent. If a will is unambiguous, a trial court should not go beyond specific terms of the will in search of the testator's intent. *San Antonio Area Foundation v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000); *Spiegel v. KLRU Endowment Fund,* 228 S.W.3d 237, 243 (Tex. App. – Austin 2007); *Lehman v. Corpus Christi Nat'l Bank,* 668 S.W.2d 687, 688 (Tex. 1984). When there is no dispute about the meaning of words used in a will, extrinsic evidence should not be received to show that the testator intended something outside the words used. *San Antonio Area Foundation v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). In Section II (c) of his Last Will and Testament ("Will"), Mr. Brown makes the following devise:

> Unto my wife for and during her natural life <u>or until such time as she fail to occupy the same</u>, all real property which I own in the town of San Saba, Texas. In the event she shall predecease me <u>or cease to occupy said property</u>, then in either of those events, said property shall pass to and vest in my children, share and share alike. App. Tab 3.

5

From the plain language of the Will, Mr. Brown is making a making a gift of real property to his wife for her lifetime, but for her to receive this devise, Mr. Brown places the condition that his wife "occupy" the real property. This condition is evidently so important to Mr. Brown, that he repeats the condition twice. On its face, a defeasible life estate is being granted subject to an executory limitation. Mr. Brown's wife would receive the real property if she (1) survived Mr. Brown and (2) occupied the property. Once she (1) dies or (2) ceases to occupy said property, according to the plain language of the Will from which Mr. Brown's testamentary intent should be derived, the real property passes to Mr. Brown's children. In the instant case, the trial court, granted Appellee an indefeasible life estate. CR 17-18. In its Findings of Fact & Conclusions of Law, did not conclude that anything in the Will was ambiguous. CR 20-22. In the absence of ambiguity, the trial court erred by granting Appellee an indefeasible life estate, contrary to the unambiguous language of Mr. Brown's Will, and Appellants request this Court reverse the trial court's judgment.

6

**C.    Testator's use of the term "occupy" does not create ambiguity.**

Testator's requirement that the gift of the San Saba Property to Appellee be conditioned on her occupying the real estate does not create an ambiguity in the Will.

In the *Lang* case, the Lang family was claiming that the term "real property" was an ambiguous term in a will. *Lang,* 35 S.W.3d at 641. Quoting from that case, "…if 'real property' can be made ambiguous or unclear by extrinsic evidence, then few – if any – terms in the legal lexicon cannot be made unclear by extrinsic evidence." *Id.* Likewise, "occupy" in a real estate context is not an ambiguous or unclear word, and to hold otherwise would, as with the term "real property" in the *Lang* case, undermine the use of this term in legal contexts.

When used in regards to real property, to "occupy" property always requires actual possession of the real estate. In Texas statutes and case law, "occupancy" means actually living on a piece of real estate or in an apartment or house. Examples of the use of "occupy" to indicate mere ownership of land are difficult and perhaps impossible to find. Section 5.008 of the Texas Property Code requires an owner of real property who is selling his or her property to disclose whether he or she "occupies" or does not "occupy" the real estate being sold – indicating a relationship between

7

occupancy and residing within or on a piece of real estate. Tex. Prop. Code § 5.008. Section 22.021 of the Texas Property Code allows a person who is not the owner of piece of real property to be reimbursed for improvements to that property made while he or she used and occupied the property, again indicating a relationship between occupation of land and actually being present on and in physical possession of that land. Tex. Prop. Code § 22.021. The Texas Supreme Court held that in a landlord – tenant relationship, it is "indispensible" that the intention of the landlord is to dispossess himself of the premises and the tenant occupy them. *Brown v. Johnson,* 118 Tex. 143, 147 (Tex. 1929). In *Ellis et al. v. Patrick et al.*, the Court of Civil Appeals of Texas, Waco, discussed occupancy of land in the case of a homestead dispute, creating a relationship between "occupancy" and "possession." *Ellis et al. v. Patrick et al.*, 93 S.W.2d 1201 (Tex. App.-- Waco 1936). Further, Merriam-Webster Online defines "Occupy" as meaning "to live in (a house, apartment, etc.)" and "to reside in as an owner or tenant." "Occupy" Def. 4. *Merriam-Webster Online.* Merriam-Webster, n.d. Web. 15 June 2015.  In the instant case, Mr. Brown places an occupancy requirement on his wife's ability to maintain her life estate of his San Saba Property. According to her own testimony, Appellee does not currently reside on the San Saba Property and has not resided on the San Saba Property since before Mr. Brown's

death. 2 RR 20. Furthermore, the San Saba Property is currently leased to a tenant who has rights to possession of the San Saba Property. 3 RR Ex. 1. Given the relationship between occupancy and physical possession of or residence in real estate, Appellee's lack of physical possession due to her residence in Copperas Cove, Texas indicates her failure to occupy the San Saba Property, thereby ending her claim to a life estate in it under the terms of the Will. That, along with the lease of the San Saba Property, where, under the *Brown v. Johnson* 'rule' above, a landlord cannot occupy leased property, Appellee does not occupy the San Saba Property, and the trial court committed reversible error in granting her an indefeasible life estate.

**D.     The Trial Court erred when it added an "abandonment" requirement to the devise of the San Saba Property.**

In its 6th Conclusion of Law, the trial court concluded that Appellee's life estate "…would remain so unless she abandoned the property." CR 22. As stated above, unless an ambiguity exists in a Will, the intention of the testator must be determined from the actual text of the document. *Lang*, 35 S.W.3d at 639. By adding the requirement that Appellee "abandon" the San Saba Property before Appellants can take ownership, the trial court is inserting a new provision into the Will. Mr. Brown was clear in his will that

once his wife ceased to occupy the San Saba Property, fee simple ownership would pass to his children. No evidence was presented to the trial court that Mr. Brown intended to use the term "abandonment" in place of "occupy," so the trial court erred when granting Appellee a life estate and including this additional condition and hurdle to Appellants receipt of ownership.

**E.      The ruling cited by the trial court in *Singleton v. Donalson*, 117 S.W.3d 516 (Tex. App – Beaumont 2003, pet. Denied) does not support granting Appellee an indefeasible life estate.**

The ruling in *Singleton v. Donalson* cited in the trial court's Conclusions of Law (CR 21 – 22) and relied on to grant Appellee an indefeasible life estate does not apply to the instant case. In the *Donalson* case, Ruth Hooks Donalson executed a will devising a life estate in some property to her spouse, George Donalson, III, with a "reversionary interest" to other relatives named in the will. *Singleton v. Donalson,* 117 S.W.3d 516, 517 (Tex. App. – Beaumont 2003, pet. Denied). The holders of the reversionary interests sued Mr. Donalson for wasting assets. *Id.* Summary judgment was granted in favor of Mr. Donalson, and the other relatives appealed that decision. *Id*. The testamentary language from Ms. Donalson's will is excerpted below:

My separate real property, hereinabove referred to in III A., including fee, surface, minerals, royalties, and mixed, and hereby intending to include all the rest, remainder and residue of my estate, not heretofore disposed of, I hereby give, devise and bequeath to my beloved husband, George E. Donalson, III., a Life Estate. My said husband is to enjoy the use and benefits of said properties, including the income derived from said properties, said income to become his separate property as paid. As stated, my said husband is to enjoy the use and benefits of said properties **and to do with as he sees fit for the rest of his life**, with reversion of the corpus of said properties upon his death [to other named relatives]. Id. at 517-518.

In the *Donalson* case, a wife's will granted a life estate in property to her husband with the explicit qualification that he could do with that property "as he sees fit for the rest of his life." *Id.* The Appellate Court agreed with Mr. Donalson and the trial court and upheld the trial court's judgment in his favor. The Appellate Court relied on the (1) unambiguous language of the devise and (2) the intent of the testator as expressed in the plain language of her will to make its ruling. *Id.* at 518-519. The trial court in the instant case interprets  *Donalson* to support granting an indefeasible life estate to Appellee, because "the first taker of an interest will be construed to have been granted 'the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing.'" CR 21-22. While

11

that quote is lifted from *Donalson*, it is not applied correctly in the instant case. The Appellate Court in *Donalson* was very deferential to the text of Ms. Donalson's will. Even where it overturned default property rules concerning the waste of the corpus of a life estate, because Ms. Donalson was so specific in the wording of her devise, the Appellate Court was confident that Ms. Donalson's intent was ascertainable from the plain text and enforced the will as written. *Donalson,* 117 S.W.3d at 517-520. In the case now before the Court, Mr. Brown was also very specific with his desire that his wife receive a life estate to the San Saba Property conditioned upon her occupying the property. He wrote the occupancy requirement into the will twice. App. Tab 3. To disregard Mr. Brown's plain and unambiguous desire that the life estate he granted to Appellee in his will be conditioned on her occupancy of the property is reversible error, and Appellants ask this Court to so reverse the trial court's grant of an indefeasible life estate to Appellee.

## IV.  CONCLUSION

Appellants request that this Court hold that:

(1) The Will being construed in this case is unambiguous on its face, and the trial court erred by going beyond the plain language of the text when determining the testator's intent in this Will. *San Antonio Area Foundation v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000).

(2) The term "occupy" as used in the Will is not an ambiguous term, that to "occupy" the San Saba Property would require maintaining a residence in or physical possession of the San Saba Property, and that the trial court erred by granting Appellee a life estate in the San Saba Property contrary to the Will's occupancy requirement.

(3)  The devise of a defeasible life estate subject to an executory limitation does not create ambiguity, and the trial court committed reversible error when it (1) ignored the intent of the testator by substituting other requirements (such as abandonment of the property) and (2) disregarded the unambiguous terms of the devise. *Singleton v. Donalson,* 117 S.W.3d 516, 518-519 (Tex. App. – Beaumont 2003, pet. Denied).

## V. APPENDIX

Order Regarding Declaratory Judgment and ........................................ Tab 1
Complaint for Correction of the Inventory

Findings of Fact & Conclusions of Law ........................................ Tab 2

Last Will and Testament of Franklin Arthur Brown ........................ Tab 3

Respectfully Submitted,

ROBERTS & ROBERTS, L.L.P.

By_____
Tad H. Cleaves
State Bar No. 24062667
2501 East Elms Road, Ste A
Killeen, Texas 76542
(254) 526-7541
Fax: (254) 526-5656
tcleaves@robertslegalfirm.com

## Certificate of Compliance

I certify that this document brief/petition was prepared with Microsoft Word 2012, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 3,748 words.

/s/ Tad H. Cleaves_____
Tad H. Cleaves
Attorney for Appellants

## Certificate of Service

I certify that a true copy of this Brief of the Appellants was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party: Leonora Brown

Lead attorney: Mary Black Pearson

Address of service: 2109 Birdcreek Terrace, Temple, Texas 76502

Method of service: by fax and by electronic service

Date of service: November 2, 2015

/s/ Tad H. Cleaves_____
Tad H. Cleaves
Attorney for Appellants

# Tab 1

No. 30,658

| | | | |
|---|---|---|---|
| IN THE ESTATE OF | § | COUNTY COURT AT LAW | |
| | § | | |
| FRANKLIN BROWN, | § | NO. 1 | |
| | § | | |
| DECEASED | § | BELL COUNTY, TEXAS | |

ORIGINAL

**ORDER REGARDING DECLARATORY JUDGMENT AND COMPLAINT FOR CORRECTION OF THE INVENTORY**

On the 17TH day of June, 2015, the Court heard evidence and argument of counsel regarding Petitioners' Original Petition for Declaratory Judgment and Complaint for Correction of the Inventory with all parties present.

The Court made the following findings:

1. A life estate vested in favor of Leonora Brown under the terms of the decedent's will for the real property in San Saba, Texas, that was property of Franklin Brown at the time of his death;
2. The guns currently in possession of the Petitioner, John Brown, are not property of the estate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a life estate in favor of Leonora Brown exists in the real property and all improvements located at (sitting on two private property Parcels) 1108 E. Annex, San Saba, County Texas also described as "O Wilcox AB 1396 SUR 38." IT IS FURTHER ORDERED that Leonora Brown shall enjoy the use and benefit of the property including income and it is DECLARED that the Petitioners, Heather Martin and John Brown, enjoy a remainder interest pursuant to the terms of the will.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the guns in the possession of Petitioner John Brown are not part of the decedent's estate and, therefore, this Court has no jurisdiction over this personal property.

17

The Parties announced through counsel that all other issues raised in Petitioners' pleading have been addressed or settled by agreement and no other relief requested by Petitioners in their pleadings was presented to the Court. Therefore, all other relief requested by the Petitioners in the Petitioners' Original Petition for Declaratory Judgment and Complaint for Correction of the Inventory" is DENIED.

SIGNED THIS _____ 7th _____ DAY OF _____ July _____, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____
Mary Black Pearson, Attorney for Leonora Brown

_____
Tad Cleaves, Attorney for John Brown and Heather Martin

# Tab 2

## No. 30,658

| IN THE ESTATE OF | § | COUNTY COURT AT LAW |
| | § | |
| FRANKLIN BROWN, | § | NO. 1 |
| | § | |
| DECEASED | § | BELL COUNTY, TEXAS |

## FINDINGS OF FACT & CONCLUSIONS OF LAW

The above-captioned cause came on for hearing on a Petition for Declaratory Judgment before the Court on June 17, 2015, and all of the parties with counsel were present. After considering the pleadings, the evidence, the argument and briefs from counsel with case law provided by counsel for all parties, the Court, in response to a request from the children of the decedent by and through counsel of record, TAD CLEAVES, makes its findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

1. On or about June 26, 2014, Leonora Brown filed an application for probate of the will of FRANKLIN BROWN requesting letters testamentary pursuant to the terms of the will naming her as the person to serve as Independent Executor.

2. An order admitting the will to probate was issued on or about July 25, 2014.

3. Letters Testamentary were issued to Leonora Brown as Independent Executor on or about July, 25, 2014.

4. After receiving an extension of time to file the inventory, Leonora Brown filed an inventory of the estate's property claiming a "life estate" interest in the real property of the decedent's estate located in San Saba County, Texas, and claiming an interest in guns for the estate that were in the possession of the son of the decedent.


Exhibit A

5. The children of the Decedent from a prior marriage filed a Petition for Declaratory Judgment on the issue of the whether LEONORA BROWN had a "life estate" in the real property in question, referred to herein as "San Saba Property," and whether the guns were property of the estate.

6. The Court issued a ruling and signed an order on or about July 7, 2015.

7. The Court finds that the will contained a clause that stated in pertinent part, "...c) Unto my wife for and during her natural life, or until such time as she shall fail to occupy the same, all real property which I own in San Saba, Texas. In the event she shall predecease me or cease to occupy said property, then in either of those events, said real property shall pass to and vest in my children share and share alike."

8. The decedent married Leonora Brown in July of 2000.

9. The decedent's will was signed on August 28, 2002.

10. Decedent and Mrs. Brown had a separate residence other than the property in question that was purchased in 2004 and claimed as a homestead.

11. Decedent and his surviving spouse used the "San Saba" property that was the subject of the controversy on weekends and for short visits.

12. Uncontroverted testimony showed that the guns were in the possession of the decedent's son at the time of his death.

13. The surviving spouse paid for repairs and maintenance for the "San Saba" property after her husband's death and paid the property taxes.

14. Uncontroverted testimony showed that the surviving spouse leased the property to maximize the income and cover the cost of repairs, maintenance and property taxes while providing her with a stream of income and supported the expense of maintenance for the property with the rental income as well.

## CONCLUSIONS OF LAW

1. The Court concluded that case law supports a life estate interest in the property in controversy in favor of Leonora Brown because the first taker of an interest will be construed to have been granted

"the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing." *See, Singleton v. Donalson,* 117 S.W.3d 516, 518 (Tex. App.—Beaumont 2003, pet. Denied).

2. The Court must interpret the intent of the testator from the language of the will consistent with the evidence submitted at court and the terms of the will which specifically referenced "Unto my wife for and during her natural life."

3. The term "occupy" in the will does not require that the surviving spouse physically remain on the property but by the terms of the will and the parties' testimony the Court can construe that the decedent intended that the surviving spouse have the benefit of the property for her "natural life." The existence of a "life estate" should be liberally construed in favor of the interest and named party and does not require specific language to designate that interest.

4. Evidence was consistent that while the "San Saba property" was not the decedent's or surviving spouse's primary residence, in the Court's eyes, Leonora Brown had not abandoned her interest in the real property as she was paying for the maintenance, repairs and property taxes on the real estate as funds became available.

5. The surviving spouse exercised her rights on the property to utilize it for her personal benefit which is consistent with the case law defining the rights of an owner of a "life estate" interest in real property.

6. The Court concluded that the children's interest was a remainder interest, that such interest was secondary to that of LEONORA BROWN's life estate and would remain so unless she abandoned the property.

7. The testimony regarding the ownership of the guns was not controverted and therefore, the Court determined that the guns were not part of the estate and had been previously gifted to the son by the decedent and, therefore, the Court had no jurisdiction over the guns as part of the estate.

SIGNED THIS _____ day of August, 2015

_____
PRESIDING JUDGE

22

# Tab 3

# LAST WILL AND TESTAMENT

## OF

## FRANKLIN ARTHUR BROWN

I, **FRANKLIN ARTHUR BROWN,** of San Saba County, Texas, being of sound and disposing mind and memory and above the age of eighteen (18) years do hereby make, declare and publish this my Last Will and Testament, hereby revoking all previous wills and codicils, if any, by me at any time heretofore made, to-wit:

### I.

I am married to Leonora Brown and all references in this will to "my wife" are to her. I have two children by a previous marriage, John Franklin Brown, II and Heather Elaine Brown. All references in this will to "my children" are to them.

### II.

After payment of my said debts including funeral expenses, expenses of last illness, and expenses which may be incurred in connection with the administration of my estate, I do hereby give, devise and bequeath all property, both real and personal, which I may own at the time of my death, as follows:

a) Unto my wife and my children each a one-third (1/3) interest in the balance owing to me on promissory note executed by Howell-Doran Funeral Home payable to me.

b) Unto my wife all accounts which I have in Arrowhead Bank, San Saba, Texas.

c) Unto my wife for and during her natural life or until such time as she shall fail to occupy the same, all real property which I own in the town of San Saba, Texas. In the event she shall predecease me or cease to occupy said property, then in either of those events, said real property shall pass to and vest in my children, share and share alike

d) Unto my wife and my children share and share alike, in fee simple, all real property which I own in Llano County, Texas.

e) Unto my wife the 2000 Ford Focus and 1994 Ford truck.

f) Unto my son the 1994 Ford mustang.

g) All other property, both real and personal, which I may own or have an interest in at the time of any death shall pass to and vest in my wife and children, share and share alike, in fee simple.

### III.

I appoint my wife Independent Executrix of this my Last Will and Testament and direct that no bond or other security be required of her as such executrix. In the event she shall predecease me or fail to qualify as such Executrix for any reason or after qualifying and acting as such should resign or become unable to continue to serve as Executrix for any reason, then in either of said events I do hereby appoint my son Independent Executor of this my Last will and Testament to serve without bond or other security.

### IV.

I direct that no action shall be taken in the County Court or any other Court in relation to the settlement of my estate other than the probating and recording of my will and the return of the statutory inventory, appraisement and list of claims of my estate.

### V.

For purposes of this will, no person shall be deemed to have survived me if such person shall die within thirty days after my death.

IN TESTIMONY WHEREOF, I hereunto sign my name to this my Last Will and Testament, in the presence of the undersigned witnesses who witness the same at my request, on this the 28th day of August , 2002.

Franklin Arthur Brown,
Testator

The foregoing instrument was here now signed, published and declared by Franklin Arthur Brown to be his Last Will and Testament, in our presence and we, at his request, in his presence and in the presence of each other, have hereunto subscribed our names as witnesses, this the 28th day of August ,2002.

Witness

Witness

THE STATE OF TEXAS §
§
COUNTY OF SAN SABA §

BEFORE ME, the undersigned authority, on this day personally appeared Franklin Arthur Brown, Louis Crump and Henry Warren known to me to be the Testator and the Witnesses, respectively, whose names are subscribed to the annexed and foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said Franklin Arthur Brown, Testator, declared to me and to the said Witnesses in my presence that said instrument is his last will and testament, and that he had willingly made and executed it as his free act and deed for the purposes therein expressed; and the said Witnesses, each on their oath stated to me, in the presence and hearing of the said Testator that the said Testator had declared to them that said instrument is his last will and testament and that he executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as Witnesses in the presence of the said Testator at his request; that he was at that time eighteen years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

_____
TESTATOR

_____
_____
WITNESSES

Subscribed and acknowledged before me by the said Franklin Arthur Brown, Testator, and subscribed and sworn to before me by the said Louis Crump and Henry Warren , Witnesses, this the 28th day of August, 2002..

_____
Notary Public - State of Texas

VYNOMA MCKINNERNEY
MY COMMISSION EXPIRES
December 31, 2004