ACCEPTED
03-15-00492-CV
8056321
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 3:03:30 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00492-CV

IN THE THIRD COURT OF APPEALS

FOR THE STATE OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 3:03:30 PM
JEFFREY D. KYLE
Clerk

HEATHER MARTIN AND JOHN BROWN

V.

LEONORA BROWN

On Appeal From the County Court at Law Number 1 of Bell County, Texas

BRIEF OF THE APPELLEE

ORAL ARGUMENT REQUESTED

Mary Black Pearson
TBA No. 02373590
Pearson & Pearson
2109 Bird Creek Terrace
Temple, Texas 76502
Telephone: (254) 778-0699
Facsimile: (254) 778-0500
marybp@pearson-lawfirm.com

ATTORNEY FOR RESPONDENT AND APPELLEE

# TABLE OF CONTENTS

I.    SUMMARY OF THE ARGUMENT............................................ 1

II.   ARGUMENT................................................................. 1

III.  CONCLUSION.............................................................. 5

# TABLE OF AUTHORITIES

1. *Miller v. Wilson,* 888 S.W. 2d 158, 160 (Tex. App. – El Paso 1994)............. 3

2. *Turner v. Adams, 855 S.W. 2d 735,738* (Tex. App.—El Paso 1993, no writ).... 3

3. *McGill v. Johnson, 799 S.W.2d 673, 674* (Tex. 1990).............................. 3

4. *Riedel v. Kerlick,474 S.W.2d 508,511* (Tex. App.—Corpus Christi, 1971, *writ ref'd no error)*................................................................. 3

5. *Buffod v. Holliman,* 10Texas Reports 560........................................... 3

6. *Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579* (Tex. Sup. 1955)........ 3

7. *Singleton v. Donalson, 117 S.W.3d 516,518* (Tex. App.—Beaumont 2003, pet. denied)................................................................. 3, 4

## OTHER MATERIALS

*Brief of the Appellants*................................................. 1, 2

*Last Will and Testament of Franklin Arthur Brown*...................... 2

## Record References

The Record citing convention contained below is used throughout Appellees'

Brief.

2 RR ___          Reporter's Record Volume Two of Three Volumes.............. 1

## I.     SUMMARY OF THE ARGUMENT

The Trial Court correctly interpreted the will to devise a life estate for the benefit of the surviving spouse, Leonora Brown.  Further, the Court construed from the circumstances existing at the time of the execution of the will as set forth in the record that the intent of the testator by the use of the word "occupy" did not necessarily require her to physically reside at the property to have the customary benefit of a life estate through the "use and enjoyment" of the property.  The record reflects that the parties did not have a residence on the property at the time the parties married or at the time the will was executed in 2002.  The Court appropriately considered the construction of the will and the circumstances of the testator and the property in question at the time of the execution of the will.  Testator's homestead was never the property in question and certainly wasn't at the time of the execution of the will as admitted by Appellant.  The surviving spouse continues to occupy the property by paying the property taxes and leasing the structures built after the parties married on the property for her use and enjoyment.  (2 RR 21-22, 24)  The surviving spouse should have a present right of possession and use of the property as a life estate is traditionally seen with the remainder interest vested in the Appellants.

## II.     ARGUMENT

The issue before the Court turns on the Court's interpretation of "occupy" and how it affects the term of the life estate of the surviving spouse.  The appellant does not dispute that a life estate is created but focuses on the rights of possession and use customary to a life estate to be restricted based on appellant's definition or application of the word "occupy."  *See, Brief of the Appellants*, page 3, Summary of the Argument.

1

The language of the will specifically sets forth the reservation of a life estate for the benefit of the surviving spouse, Lenora Brown, with the remainder interest to the children. No specific definition is included in the body of the will to define or give the testator's interpretation of the word "occupy" as used in this section of the will. Clearly the language of the will manifests an intent by the testator, Franklin Brown, to specifically give his wife a life estate interested "for and during her natural life..." and this is not disputed by the parties. The will further qualifies the bequest with "...or until such time as she fail to occupy the same." This qualifying statement with its use of the word "occupy" is construed by appellant to mean that the surviving spouse must physically occupy the real property as her primary residence and ignores a broader sense of the word occupy including the use and enjoyment of the benefit of the real estate. This ignores the premise stressed in the Appellant's brief that the parties did not use this particular real property as a primary residence *at the time the will was executed and the fact that it had no improvements on it at the time that they were married. See, Appellant's brief, page 1-2.* The circumstances *after* the will was executed are not a factor for consideration for the Court in determining the intentions of the testator at the signing of the will.

Further, the bequest of the life estate and the remainder interest is conditioned upon the bequest by the first paragraph of II. in the will stating:

"After payment of my said debts including funeral expenses, expenses of last illness, and expenses which may be incurred in connection with the administration of my estate, I do hereby give, devise and bequeath all property, both real and personal, which I may own at the time of my death as follows:...." *See, Last Will and Testament of Franklin Arthur Brown.*

2

Therefore, all of the bequests including the bequest of this real property with the life estate and the remainder interest at dispute are subject to the need to liquidate the property for the payment of the expenses of administration and the surviving spouse was named as the Independent Executor to administer the estate.

The nature and extent of the devise of a life estate must be construed by the language of the will. Interpretation of a will begins with the analysis of the contents of the document itself supplemented by evidence regarding the situation or circumstances regarding the execution of the will or the testator's life at the time of the execution. *See, Miller v. Wilson, 888 S.W. 2d 158, 160* (Tex. App. – El Paso 1994). Such evidence is focused on the testator's intent at the time of execution. *See, id., citing Turner v. Adams, 855 S.W. 2d 735,738* (Tex. App.—El Paso 1993, no writ), *citing McGill v. Johnson, 799 S.W.2d 673, 674* (Tex. 1990).

A life estate devised to taker A gives a right of possession and enjoyment in the present while such rights may be followed by a vested interest in the property or the proceeds from the sale of the property in taker B with a future right of enjoyment or possession of the remaining property. *See, Riedel v. Kerlick,474 S.W.2d 508,511* (Tex. App.—Corpus Christi, 1971, *writ ref'd no error), citing Buffod v. Holliman,* 10Texas Reports 560; and *Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579* (Tex. Sup. 1955).

The Donalson case presents a will construction issue which is demonstrative of the process the Court must use to determine the testator's intent regarding the nature and extent of the conveyed life estate. In Donalson, the extent of the conveyed life estate was expanded to include oil and gas royalties and bonuses by the specific terms of the will. *See, Singleton v. Donalson, 117 S.W.3d 516,518* (Tex. App.—Beaumont 2003, pet. denied). However, this specific language of the will expanded the extent of the life estate to allow the beneficiary the use of what is traditionally considered the corpus of an estate and not necessarily the life

3

tenant's property for use and enjoyment. *See, id.* The Court further states that in the interpretation of the testator's intent from the language of the will that the law favors the first taker and this premise was relied upon by the Court along with consideration of the circumstances at the time of the execution of the will. *Id.* The *Donalson* case further states that rental income from leases is traditionally part of the benefit for a life tenant. *Id.*

In determining the intent of Franklin Brown in the will that is before the court, the court must look at the overall content of the bequests and the document as a whole in addition to considering the facts as presented to the Court regarding the circumstances of the testator at the time of the execution of the will. The testator's use of the word occupy at the time of the execution could not be reasonably construed to require Leonora Brown physically reside at the property when by the Appellant's own statement of facts the property did not have a structure in use as a residence or homestead for the testator. Further, the surviving spouse was not only given the right to "occupy" the property as a life tenant presumably for her use and enjoyment but she was named the Independent Executor with the right to dispose of property in order to pay the expenses of the administration of the estate and clearly the beneficiary in other bequests in the will. Given the contents of the document as a whole and considering the circumstances at the time that the will was signed, the Court clearly interpreted the common meaning of the word "occupy" to include the life tenant's use and enjoyment of the property for its income potential and her use during her lifetime.

4

## III. CONCLUSION

The decision of the trial court should be affirmed. The will clearly gave Leonora Brown, the surviving spouse, a life estate which is not disputed. The trial court further determined the intentions of the testator to provide for the use of the property by the life tenant from the language in the will along with the circumstances presented in evidence by the Appellants regarding the condition of the real property surrounding the time that the will was executed and the fact that it was never the primary residence for the testator and his wife. The trial court clearly followed the case law by first addressing the specifics in the will and then the circumstances at the time of the execution.

Respectfully Submitted,

PEARSON & PEARSON
2109 Bird Creek Terrace
Temple, Texas 76502-1083
Telephone: (254) 778-0699
Facsimile: (254) 778-0500
marybp@pearson-lawfirm.com

Mary Black Pearson
SBOT 02373590

## Certificate of Compliance

I certify that this document brief was prepared with Microsoft Word 2010, and that, according to the program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 1433 words.

Mary Black Pearson
Attorney for Appellee

## Certificate of Service

I certify that a true copy of this Brief of the Appellee was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party: Heather Martin and John Brown

Lead Attorney: Tad H. Cleaves

Address of Service:2501 E. Elms Road, Suite A, Killeen, Texas 76542

Method of Service: by fax and electronic service

Date of Service:  December 2, 2015

Mary Black Pearson
Attorney for Appellee